**HOOSAC MILLS CORPORATION et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 2941.**

Circuit Court of Appeals, First Circuit.
Jan. 31, 1935.

BINGHAM, Circuit Judge, dissenting.

Theodore B. Benson, of Washington, D. C. (Edward R. Hale and Bennett Sanderson, both of Boston, Mass., on the brief), for petitioners.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before BRIGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a petition to review a decision by the Board of Tax Appeals. It involves the liability of the petitioner, as transferee of property formerly owned by the Nemasket Mill, for deficiency income and profits taxes assessed against the former owner for the year 1919. The Nemasket Mill transferred its assets to the Butler Mill in 1923; and the Butler Mill, in 1931, transferred the property in question as part of its assets to the petitioner.

There is no controversy as to the amount of the tax, the only question being whether the assessment was outlawed. The return was filed on June 8, 1920, and under the statutes assessment was barred by limitation after five years, i. e. on June 8, 1925. Waivers were filed, however, by the Nemasket Mill which extended the time for assessment at least until December 31, 1926. The provisions of these waivers as far as here material were as follows:

"This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals, then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board."

On February 20, 1926, ten months before the final date fixed by the waivers, the Commissioner sent a deficiency letter notifying the Nemasket Mill of the deficiency tax in question. Thereupon the taxpayer appealed to the Board of Tax Appeals. Under the waivers the appeal tolled the statute of limitation until final decision by the Board. This resulted in an extension of the time within which the assessment might be made for 4 years, 3 months, 9 days, or to April 9, 1931. The parties are in agreement that the date of final decision was May 29, 1930, when the Board, upon the stipulation of parties, entered a decision affirming the Commissioner's action. The tax in question was accordingly assessed against the Nemasket Mill on July 26, 1930.

Nothing further appears to have been done in the matter until May 18, 1932, a delay of nearly two years, when the Commissioner sent a "sixty day" letter or notice of deficiency to the *petitioner* as transferee, from which the appeal was taken to the Board of Tax Appeals which is now before us. As the law then stood, where property of a person liable for a tax was transferred subsequent to the accrual of the liability, the tax might be assessed against the transferee at any time up to one year after the final date on which it could be assessed against the original owner, or in this case up to April 9, 1932. The parties agree that the petitioner is liable if the statute of limitation has not barred the enforcement of liability against it.

The question before us is therefore whether the right of assessment against the petitioner had become barred on or before May 18, 1932. According to the terms of the waivers the time as against the Nemasket Mills expired on April 9, 1931; the time for the assessment against the petitioner expired a year later; and the assessment of May 18, 1932, was too late.

But while the waivers were in force the Revenue Act of 1926 became effective. A question at once arises whether Congress by statute could affect the plain language of the waivers to the extent for which the government contends. It is unnecessary to decide it because we are unable to agree with the Commissioner's interpretation of the statute. The statute provided, in section 274 (a), 26 USCA § 1048, that the Commissioner should be prohibited from assessing or collecting any tax in case of an appeal until the decision of the Board of Tax Appeal became final, though he could still make a jeopardy assessment under section 279 (26 USCA §§ 1051, 1063). It was further provided in section 277 (b), 26 USCA § 1057 note, in effect, that the period provided in that section, or under section 274 (a), or under section 278 (26 USCA §§ 1058, 1059, 1060 note, 1061 note, 1062), for assessing a tax, should in case of

an appeal be suspended until 60 days after the decision of the Board became final.

The government contends that these provisions have the effect of suspending the *waivers* so far as they relate to the tolling the statute, and of extending the time within which the tax might be assessed by an additional period as long as that during which the waivers were thus suspended. In other words, this period, amounting to four years, three months, and nine days, is to be added, according to the government's contention, to the date when the decision of the Board became final, and 60 days thereafter, or until November 6, 1934, or against the petitioner until November 6, 1935. As an alternative, the government urges that at least the period of 10 months and 11 days between February 20, 1926, when the deficiency letter was sent, and December 31, 1926, to which date the waiver by its terms unquestionably extended the period for assessment, should be added to the statutory period within which the tax might be assessed under section 277 (b).

Under the government contention, the case turns on whether sections 274 (a), 277 (b), and 278 of the 1926 Act operate to extend the period for assessment beyond May 18, 1932. When Congress provided in section 277 (b) of the 1926 Act that the statute of limitations was suspended until 60 days after the decision of the Board became final, it does not follow that the Commissioner could take no action during that 60 days. The law authorizing the assessment of a tax was not suspended during that 60 days' period. It merely gave the Commissioner time to assess a tax in case a waiver had not extended the time for assessment beyond the date when the decision of the Board became final. If it meant that the waiver was suspended until the expiration of the 60-day period after the decision of the Board became final, and that any unexpired part of the waiver period was then added, the addition of 4 years, 3 months, and 9 days is the only logical construction; but such a construction would be absurd.

We think Congress, when it provided by section 277 (b) of the 1926 Act, that the running of the statute of limitations was suspended during the period in which the Commissioner was prohibited from assessing a deficiency tax, and for 60 days thereafter, did not thereby intend to extend the time for assessing a deficiency tax beyond the 60 days therein mentioned, by adding the unexpired period of a waiver, if any, after the notice of a deficiency tax was mailed; but merely to suspend the tolling of the statute of limitations provided in sections 274 (a), 277, and 278 for 60 days after the decision of the Board became final. Ample time to assess a deficiency tax is given by this construction, if the period as extended by a waiver is insufficient in any case. The Commissioner did not act in this case within the time permitted by the statute or the waiver, and the tax against this petitioner was barred.

The decision of the Board of Tax Appeals is reversed.

BINGHAM, Circuit Judge (dissenting).

The tax in question is one assessed against a transferee.

Section 280 (a) (1) of the Revenue Act of 1926 (26 USCA § 1069 (a) (1) imposes a liability upon the transferee for the tax imposed upon the taxpayer, and subdivision (b) (1) of that section (26 USCA § 1069 (b) (1) fixes the period of limitation for the assessment of any such liability as follows:

"Within one year after the expiration of the period of limitation for assessment against the taxpayer."

One of the material questions in the case is when the period of limitation for the assessment of the tax against the taxpayer ended, for the assessment of the tax against the transferee is required to be made within a year thereafter.

If this question is to be determined by the provisions of the waiver, then, as I construe them, the period for the assessment of the tax against the taxpayer was extended from December 31, 1926, by the period from February 20, 1926, the date of the deficiency notice, to May 29, 1930, the date the parties have agreed upon as the date of the final decision of the Board, or for a period of 4 years, 3 months, and 9 days, which, added to December 31, 1926 (the date fixed by the waiver to which the extension period was to be added), would extend the time within which the tax could be assessed to April 9, 1931. If the time for the assessment of the tax against the taxpayer is to be thus determined, then the assessment of the tax against the transferee under section 280 (b) (1) had to be made within one year after April 9, 1931, or on or before April 9, 1932. It therefore appears that, under the terms of the waiver and its provisos, the deficiency notice to transferee of an assessment against it, on

May 18, 1932, was too late. This is the contention of the Hoosac Mills, and its contention would be the solution of the problem unless Congress intended that the applicable provisions of the Revenue Act of 1926 should govern, in which case their application would, as I construe and apply them, produce a different result.

Section 283 (c) of the Revenue Act of 1926 (26 USCA § 1064 (c) relates to the assessment of taxes imposed by prior acts, and provides:

"(c) If before the enactment of this Act [February 26, 1926], the commissioner has mailed to any person a notice under subdivision (a) of section 274 of the Revenue Act of 1924 [section 1048 of this title] (whether in respect of a tax imposed by Title II of such Act or in respect of so much of an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and if the 60-day period referred to in such subdivision has not expired before the enactment of this Act [February 26, 1926], and no appeal has been filed before the enactment of this Act [said date], such person may file a petition with the board in the same manner as if a notice of deficiency had been mailed after the enactment of this Act [said date] in respect of a deficiency in a tax imposed by this title [chapter]. In such cases the 60-day period referred to in subdivision (a) of section 274 of this Act [section 1048 of this title] shall begin on the date of the enactment of this Act [February 26, 1926], and the powers, duties, rights, and privileges of the commissioner and of the person entitled to file the petition, and the jurisdiction of the board and of the courts, shall, whether or not the petition is filed, be determined, and the computation of the tax shall be made in the same manner as provided in subdivision (a) of this section."

In subdivision (a) of section 283 (26 USCA § 1064 (a), after pointing out how income and excess-profits taxes imposed by prior revenue acts should be computed and notice of a deficiency should be given, it is provided that "the amount so computed *shall be assessed,* * * * in the *same manner* and *subject* to the *same provisions and limitations* * * * as in the case of a deficiency in the tax *imposed by this title* [chapter], *except* as *otherwise provided* in section 277 of this Act [section 1057 of this title]."

Section 277 (a) (3), 26 USCA § 1057 (a) (3), fixes the period of limitation upon the assessment of income and excess-profits taxes imposed by the Revenue Act of 1918 (the act imposing the tax here in question) and provides that the amount of such tax *"shall be assessed* within five years after the return was filed" *except as provided in section 278 (c).*

Section 278 (c), 26 USCA § 1060 note provides:

"(c) Where both the commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 [section 1057 of this title] for its assessment the tax *may be assessed* at any time prior to the expiration of the period agreed upon."

And section 277 (b), 26 USCA § 1057 note provides:

"(b) The *running* of the statute of limitations provided in this section or in section 278 [section 1061 of this title] on the making of assessments * * * in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274 [section 1048 of this title]) be *suspended* for the period during which the commissioner is *prohibited* from making the assessment, * * * and for *60 days thereafter.*"

Section 274 (a), 26 USCA § 1048, defines the time during which the Commissioner is prohibited from assessing the tax. It provides:

"Sec. 274. (a) If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this title [chapter], the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided [which exceptions are not here material] *no assessment* of a deficiency in respect of the tax imposed by this title * * * *shall be made* * * * until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the board, until the decision of the board has become final. * * *"

Section 1005 (a), 26 USCA § 1228 (a), fixes the date on which the Board's decision becomes final, as follows:

"(a) The decision of the board shall become final—

(1) Upon the expiration of the time allowed for filing a petition for review, if no such petition has been duly filed within such time."

And by section 1001 (a), 26 USCA § 1224 (a), the time allowed for filing a petition for review by a Circuit Court of Appeals expires "within six months after the decision is rendered."

In this case the income and excess-profits taxes in question had not been assessed prior to June 3, 1924, and the 60-day period following the mailing of the deficiency notice to the taxpayer had not expired before the enactment of the Revenue Act of 1926 (February 26, 1926), and no appeal had been taken by the taxpayer to the Board of Tax Appeals before that time. And it seems to me that it must be conceded that by section 283 (c) Congress intended to make and made the other provisions of that act, as to the assessment of a tax imposed by the Revenue Act of 1918, applicable to its assessment.

The deficiency notice, as to the tax imposed upon the taxpayer by the Act of 1918, was given February 20, 1926; an appeal was seasonably taken and the decision of the Board was rendered May 29, 1930, and, pursuant to an agreement of the parties, became final on that day. It thus appears that the Commissioner was prohibited by the statute from assessing the tax from February 20, 1926, to May 29, 1930, or for a period of 4 years, 3 months, and 9 days. It also appears that, at the time the notice of deficiency was given (February 20, 1926) the Commissioner had 5 years from the making of the return (section 277 (a) (3), plus the period as extended by statute (section 278 (c) read in connection with the waiver), or 10 months and 11 days, within which he could have assessed the tax but for the prohibition imposed by section 274 (a). But section 277 (b) suspended the availability of that period of 10 months and 11 days until the expiration of 4 years, 3 months, and 9 days and for 60 days thereafter. This being so, it seems to me that, in computing the period within which the tax might have been assessed, the period of 10 months and 11 days should be added to the 60-day period after the final decision of the Board; that section 277 (b), at the time of the mailing of the deficiency notice to the taxpayer, tolled the statute of limitations for the unexpired period of 10 months and 11 days

covered by the waiver and for that time only, because, at the time of mailing the notice, that was the only unexpired period remaining for the assessment of the tax.

This would carry the period of assessment against the taxpayer down to June 9, 1931, and the transferee, having been notified of the assessment of the tax against it on May 18, 1932, and within one year after June 9, 1931, the assessment was seasonable.

Section 277 (b) of the Act of 1924 (26 USCA § 1057 note) had to do with the extension of the time within which a deficiency tax could be assessed after notice, where the deficiency notice was sent prior to the expiration of the 5-year period provided for in section 277 (a) (2) of that act (26 USCA § 1057 note). Section 277 (b) of that act did not apply, as does section 277 (b) of the Act of 1926, to an *extension under a waiver* authorized by section 278 (c) of both acts. Consequently, under the act of 1924, any unexpired period that remained under a waiver could not be availed of after the date the waiver expired, in the absence of an agreement to that effect. But, under that act, if the deficiency notice was given before the expiration of the 5-year period (section 277 (a) (2), the 5-year period was extended by the time between the giving of the deficiency notice and the date of the final decision of the Board, and the time within which the tax could be assessed was extended after the date of final decision by the duration of the unexpired period.

In determining the time within which the tax may be assessed under the act of 1926, where there is left an unexpired portion of the 5-year period, then under the provisions of that act, a like extension is effected and 60 days besides. And also, under the act of 1926, where a waiver has been given, the balance of the unexpired waiver is added to the 60 days after the date of the final decision, which could not have been done under the act of 1924, where a waiver had been given.

It has been suggested that, inasmuch as the act of 1926 gives the Commissioner 60 days after final decision in which to assess the tax, there was no occasion for that provision if the Commissioner was to have the unexpired period under a waiver in which to assess the tax after the date of the final decision. The answer to this is that if the deficiency notice were given on the last day of the period covered by the waiver the

Commissioner would have no time in which to assess the tax but for the 60-day period given by the act of 1926. This contention, however, in no wise militates against the construction of the act allowing the Commissioner the unexpired period of the waiver also in which to assess the tax, when there is such an unexpired period. By so doing effect is given to the express wording of the act (section 277 (b), 26 USCA § 1057 note), which suspends "the running of the statute of limitations provided * * * in section 278 [section 1061 of this title]" (the period of the unexpired waiver) for the time "during which the commissioner is prohibited from making the assessment, * * * and for 60 days thereafter," but which does not *extinguish* such unexpired period.