## BROOKS v. DRISCOLL.
### No. 7087.

Circuit Court of Appeals, Third Circuit.

Aug. 19, 1940.

Brooks, Curtze & Silin, of Erie, Pa. (Isaac J. Silin and Roger M. Brown, both of Erie, Pa., of counsel), for plaintiff-appellant.

George Mashank, Acting U. S. Atty., and Elliott W. Finkel, Asst. U. S. Atty., both of Pittsburgh, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant plaintiff complains of the judgment entered against him by the court below, a jury trial having been waived, in

his suit against a Collector of Internal Revenue for the recovery of taxes. The plaintiff alleges that the taxes were illegally assessed and collected, (1) because he had no notice of and was unrepresented at the hearing on his appeal to the Board of Tax Appeals from the Commissioner's notice of proposed assessment, and (2) because the assessment against him was made after the statute of limitations had run.

The Commissioner of Internal Revenue determined a deficiency in income and excess profits taxes due by Strand Amusement Company, a corporation, for the years 1917 to 1920, inclusive. The corporation duly filed its petition with the Board of Tax Appeals for a redetermination of the proposed assessment. After hearing, the Board filed its findings of fact, opinion and decision redetermining deficiencies in tax due by Strand Amusement Company for the years 1919 and 1920. Appeal of Strand Amusement Co., 3 B.T.A. 770. In due course, the Commissioner entered deficiency assessments against Strand Amusement Company in accordance with the Board's decision.

The date of the Commissioner's assessments against Strand Amusement Company was October 1, 1926. Within a year thereafter, to wit, on July 8, 1927, John B. Brooks, the present appellant, received a letter from the Commissioner proposing to assess him, as a transferee of assets of Strand Amusement Company, on account of the taxes due by Strand under the deficiency assessments. Brooks duly filed his petition with the Board of Tax Appeals for a redetermination of the proposed assessment against him. Some four years later, the Board of Tax Appeals fixed a time and place for a hearing on Brooks' appeal. Brooks testifies that he received no notice of the hearing and was not represented thereat either personally or by counsel. At the time of filing his petition with the Board, Brooks was represented therein by Charles H. English, an attorney and former law partner of Brooks. The latter asserts, however, that English had ceased to be his counsel in the matter some several years before the Board's hearing of the appeal and that English was not authorized to represent him and, particularly, was not authorized to enter into the stipulation of facts in behalf of Brooks whereon the Board based its later disposition of his appeal. English denies that he ever ceased to be Brooks' representative in the proceeding before the Board. In any event, so far as the record discloses, no notice of any change of counsel by Brooks was ever given the Board of Tax Appeals, at least, not prior to the Board's concluding the matter of the appeal.

English duly received notice of the time and place of the hearing of Brooks' appeal and, in anticipation thereof and as a result of a rule taken out by counsel for the Commissioner for the production of certain books and papers material to the appeal, English, purporting to represent Brooks, entered into a stipulation of facts with counsel for the Commissioner. At the ensuing hearing before the Board of Tax Appeals, Brooks did not appear either personally or by counsel. The Commissioner who appeared by counsel, offered the stipulation in evidence. Thereafter, the Board, expressly predicating its decision upon the stipulation, found Brooks liable, as a transferee of Strand Amusement Company's assets, for an assessment on account of the unpaid taxes due by Strand.

The decision of the Board of Tax Appeals holding Brooks liable as a transferee was filed October 18, 1932. No petition for a review of the Board's decision having been filed, the Commissioner of Internal Revenue entered a transferee assessment against Brooks on February 11, 1933 in accordance with the decision of the Board of Tax Appeals. Brooks testifies that he "didn't realize * * * until in 1935" that he was being held liable as a transferee for taxes originally assessed against Strand Amusement Company. On June 7, 1935, distraint notices were delivered to Brooks by the Collector of Internal Revenue demanding payment of the transferee assessments for the years in question. Upon receipt of these distraint notices, Brooks protested the attempted collection of the transferee assessments, his protests being made to the Collector of Internal Revenue at Pittsburgh and to the Commissioner of Internal Revenue at Washington, as well as to their deputies, agents and employees. On February 25, 1936, execution upon the distraints then being threatened, Brooks paid the assessments under protest, and on January 20, 1937 filed with the Collector of Internal Revenue at Pittsburgh his claims for refund which were disallowed by the Commissioner of Internal Revenue on May 24, 1937, whereof Brooks was notified by letter of the Commissioner bearing the same date. The plain-

tiff's suit against the Collector for the recovery of the taxes paid by him was filed in the court below on April 14, 1938.

It is the appellant's contention that the collection of the taxes assessed against him pursuant to the decision of the Board of Tax Appeals deprived him of property without due process of law, the contention being based upon the assumption that the hearing on the taxpayer's appeal to the Board was without notice to him. The basis for the appellant's argument in such regard completely dissolves in the light of the finding of fact made by the court below that "Charles H. English, a practicing attorney at Erie, appeared for and represented John B. Brooks, the plaintiff in this case in the proceedings by Brooks before the United States Board of Tax Appeals". This finding is supported by the evidence and is the natural deduction from the undisputed facts that English was Brooks' chosen representative for the taking of the appeal and that no notice of any termination thereafter of English's representation of Brooks was given to the Board. See Restatement of the Law, Agency, § 129. No clear error appearing therein, the finding is conclusive upon us. Rule 52, Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723(c). The jurisdiction of the Board of Tax Appeals having been thus competently invoked, it was not thereafter ousted by any supposed lack of notice to the petitioner due to a change in his representative whereof he did not inform the Board. From the time the Board's jurisdiction attached upon petition of the appellant, it endured unimpaired throughout. The court below refrained from making any finding "as to whether or not English was duly authorized to represent Brooks in the proceedings before the Board of Tax Appeals", etc. The court so acted because it was of the expressed opinion that it was "without authority to pass on that matter". We think that the court below rightly so concluded. The court having found that English represented Brooks in the proceedings before the Board of Tax Appeals, any question as to the extent of English's authority to act for Brooks would immediately involve the competency of the stipulation of facts entered into by English and upon which the Board based its decision. Thus, the appellant would bring on for review by the District Court the basis for the decision of the Board of Tax Appeals, notwithstanding

that jurisdiction to review the Board's decisions is committed by statute, exclusively, to the Circuit Courts of Appeals and the Court of Appeals of the District of Columbia, whose judgments are final save for possible review thereof by the Supreme Court upon certiorari. § 1003 of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev. Acts, page 313.

Moreover, the court below, by reason of express statutory inhibition, was without jurisdiction to entertain the appellant's suit. § 284(d) of the Revenue Act of 1926, 26 U.S.C.A.Int.Rev. Acts, page 220, provides that where any taxpayer, after the enactment of that Act, files his petition with the Board of Tax Appeals, within the time prescribed, for a redetermination of the Commissioner's notice of deficiency "no suit by the taxpayer for the recovery of any part of such tax shall be instituted in any court" except under certain specified circumstances, none of which obtain here with respect to the question now under consideration. After the enactment of the Revenue Act of 1926, namely, on September 3, 1927, the appellant filed his petition with the Board of Tax Appeals in respect of the Commissioner's notice of the proposed transferee assessment. Having thus resorted to Board action for the redress of his complaint, the appellant thereby put an end to what would have been his opportunity otherwise to institute a suit in court for the recovery of the taxes whereof he complained. Thenceforth, a court was without jurisdiction, save for the excepted instances not presently material, to entertain a suit for the recovery of the taxes assessed pursuant to the decision of the Board of Tax Appeals. Warren Mfg. Co. v. Tait, D. C. Md., 60 F.2d 982; Green v. MacLaughlin, D. C., E. D. Pa., 55 F.2d 423; Brampton Woolen Co. v. Field, 1 Cir., 56 F.2d 23. In Warren Mfg. Co. v. Tait, supra, it was held that the restriction upon a court's jurisdiction under § 284(d) of the Revenue Act of 1926 was effective even where the petitioning taxpayer moved the dismissal of his petition by the Board with the acquiescence of the Commissioner, and the Board, in dismissing, expressed its inability to determine the matter on the pleadings. It is our conclusion that in so far as the plaintiff's suit was based on the allegation that the Board of Tax Appeals acted without competent authority, the court below did not have jurisdiction. The matter had been

before the Board and that precluded a suit in any court for the recovery of the taxes involved in the appeal to the Board.

 The appellant further contends that the court below erred in holding that the statute of limitations had not run either when the Commissioner of Internal Revenue made the deficiency assessments against Strand Amusement Company or when the assessment was made against the appellant as a transferee of Strand's assets. Admittedly, notice of the transferee assessment was given within a year of the assessments against the transferor, as prescribed by § 280(b) (1) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 26 U.S.C.A.Int.Rev. Acts, page 213. The appellant argues, however, that the assessments against both Strand and the appellant were made out of time with relation to the finality of the decisions of the Board of Tax Appeals on the respective appeals of the transferor and the transferee. But the appellant may not now assert, as a basis for the alleged invalidity of the tax assessed against him, that the statute had run in favor of Strand Amusement Company. That question was properly a matter for the Board of Tax Appeals on the transferee's appeal from the Commissioner's notice of deficiency against him. The decision of the Board of Tax Appeals on the appellant's petition embraced not only such matters as were raised on the appeal with respect to the tax but all matters that could have been raised as affecting the validity of the tax whereof he complained. Banker's Reserve Life Co. v. United States, Ct.Cl., 44 F.2d 1000, certiorari denied 283 U.S. 836, 51 S.Ct. 485, 75 L.Ed. 1448; American Woolen Co. v. United States, Ct.Cl., 18 F.Supp. 783, affirmed on rehearing, Ct.Cl., 21 F.Supp. 1021, certiorari denied 304 U.S. 581, 58 S.Ct. 1054, 1055, 82 L.Ed. 1544; Ohio Steel Foundry Co. v. United States, Ct.Cl., 38 F.2d 144. As the liability of a transferee is fashioned from the liability of his transferor and as a transferee assessment is barred by the statute of limitations if the statute has run in favor of the transferor (United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984), the question of the timeliness of the assessments against Strand Amusement Company was necessarily involved in the appellant's petition to the Board of Tax Appeals from the Commissioner's proposed assessment against him, and the Board's answer, adverse to the appellant's present contention with respect to the assessment against Strand, is implied as a matter of law in the Board's dismissal of the appellant's petition.

There remains, then, only the question as to the timeliness of the Commissioner's assessment of the appellant. Under the Revenue Act of 1926 the assessment against the appellant as a transferee could be made within six years from the filing of the transferor's return, made up of the five years allowed for an assessment against the transferor under § 277(a) (3), 26 U.S.C.A. Int.Rev.Acts, page 207, and the one year, after the expiration of the period of limitations for assessment against the transferor, allowed for an assessment against a transferee, under § 280(b) (1) of the Act. United States v. Continental National Bank & Trust Co., Trustee, et al., 305 U.S. 398, 403, 59 S.Ct. 308, 83 L.Ed. 249. This limitation is subject, however, to the suspension of the running of the statute as provided for in § 277(b) and § 280(d), 26 U.S.C.A.Int.Rev.Acts, pages 208, 213, respectively, during the periods in which the Commissioner is prohibited from making an assessment against either the transferor or the transferee because of the restrictions contained in § 274(a), 26 U.S.C.A.Int. Rev.Acts, page 203. It is unnecessary to recite in detail the dates of the periods during which the Commissioner was prohibited from making an assessment against Strand or the appellant, or to indicate when the period of limitations for an assessment against the transferor expired. The appellant's contention rests upon his own construction of § 277(b) of the Act, which provides for the suspension of the running of the statute in certain specified circumstances. The statutory counterpart with respect to the suspension of the running of the statute in the case of a transferee assessment is § 280(d). If the appellant's construction of the Act with respect to the running of the statute of limitations is correct, the assessment against him was made out of time, but, if incorrect, then the assessment was timely.

 § 277(b) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 26 U.S.C.A.Int.Rev. Acts, page 208, which is applicable to an assessment against a transferor taxpayer, provides that: "The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of

a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter." § 280(d), which applies to the case of an assessment against a transferee, provides substantially the same as § 277(b) above quoted. In each instance the period during which the Commissioner is prohibited from making assessments is delineated by § 274(a) of the Act, which provides that "no assessment * * * shall be made * * * until [the Commissioner's 60 day] notice [of deficiency in tax] has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final." The appellant mistakenly takes § 277(b) of the Revenue Act of 1926, as later amended by the Act of May 29, 1928, c. 852, § 504, 45 Stat. 870, 26 U.S.C.A.Int.Rev.Acts, page 208, and from the phrase added by the amendment, which prohibits the Commissioner from making an assessment "in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final", the appellant argues that the time available to the Commissioner for making an assessment in such contingency is during the sixty days following finality of the Board's decision. Under the appellant's contention, in any case where the decision of the Board became final at a date earlier than five years from the filing of the taxpayer's return, the period of limitation upon assessment by the Commissioner would be less than the five year limitation provided for by § 277(b) of the applicable statute (Revenue Act of 1924, c. 234, 43 Stat. 253, 26 U.S.C.A.Int.Rev.Acts, pages 59, 60), and, of course, less than that five year limitation and the year additional under § 280(b)(1) of the Act of 1926 (six years in all) afforded the Commissioner for making a transferee assessment. The special concern of § 277(b) and § 280(d) of the Revenue Act of 1926 is the suspension of the running of the statute of limitations during certain periods and not the prescription of time within which the Commissioner must make an assessment. The effect of the suspension of the running of the statute of limitations as provided for in § 277(b) and § 280(d) is to toll the statute

for the periods during which the Commissioner may not make an assessment. Accordingly, when the suspension of the running of the statute of limitations is lifted at the end of sixty days following the finality of the decision of the Board of Tax Appeals, any part of the period of limitation prescribed by the statute that has not run will thenceforth be available to the Commissioner for the making of an assessment. This construction gives appropriate effect to the word "suspended" as used in connection with the running of the statute. Otherwise, the definite period of limitation, as statutorily prescribed, would be cut down depending upon the brevity of time until finality of the Board's decision in any particular case. We think that the decision of the Supreme Court in United States v. Continental National Bank & Trust Co., supra, impliedly confirms the construction which we thus place upon § 277(b) and § 280(d) of the Revenue Act of 1926.

The case of Hoosac Mills Corp. et al. v. Commissioner of Internal Revenue, 1 Cir., 75 F.2d 462, which the appellant cites, is not in point. There the question involved had to do with the effect of the suspension provision of § 277(b) of the Revenue Act of 1926 upon the unexpired term of a waiver of the statute of limitations given by the taxpayer. The assessment in that case, because of the waiver's allowance, was made after the statute of limitations had run but before the specified term of the waiver had expired. The question was whether § 277(b), which suspends the running of the statute during certain periods prescribed by the Act, served to give the Commissioner also the unexpired portion of the term of the waiver within which to make an assessment after he was again free to act. The decision is not pertinent to the question involved in the present appeal.

It is our opinion that the appellant misconstrues the meaning and effect of § 277(b) of the Revenue Act of 1926 and, by the same token, § 280(d). Allowing for the interruptions to the running of the statute of limitations, which we think the Revenue Act of 1926 requires, the Commissioner's assessment of the appellant was made in time.

The order of the District Court is affirmed.