CHRISTINE D. MULLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13002. Promulgated April 21, 1948.

*David C. Broderick, Esq.*, for the petitioner.
*Sheldon V. Ekman, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined that the petitioner is liable, as transferee, for income taxes of her deceased husband, Nicholas W. Muller, for the period from January 1, to June 18, 1943, in the amount of $1,048.81. The petitioner does not contest the amount of the taxes, but contends that she is not liable as a transferee for those taxes.

The stipulation of facts is adopted as the findings of fact and, in addition, it is found from the testimony that the fair market value of a 1941 Chrysler sedan, at the time it was received by this petitioner, was not in excess of $450, and the funds on deposit in a joint bank account in the name of the petitioner and her husband came from money which the petitioner had saved from amounts given her by her husband for household expenses.

Nicholas W. Muller, the husband of the petitioner, died on June 18, 1943. His income tax return for the period from January 1, 1943, to the date of his death was filed with the collector of internal revenue for the second district of New York.

No property passed under his will and no fiduciary has been appointed in connection with his estate.

The decedent, an employee of the State of New York, at the time of his death was a member of a retirement or pension system into which he had paid a portion of his salary. He had named the petitioner as his beneficiary under that plan in the event of his death prior to retirement. The State of New York paid the petitioner, as beneficiary, the accumulations of the decedent's contributions, amounting to approximately $16,000, and approximately $6,000 representing six months salary, as provided in the pension plan.

The decedent maintained several policies of insurance which by their terms became payable to the petitioner as the designated beneficiary. She received $9,800 as the proceeds of those policies.

The petitioner gave no consideration for the assets of the decedent which she received. The distribution of those assets to her rendered the estate of the decedent insolvent and without funds or other property with which to pay the tax liabilities involved herein. Those taxes, with interest, remain due and unpaid.

The respondent has the burden of showing that the petitioner is liable, as transferee, for the income taxes of the decedent. He conceded in his brief that the petitioner is not liable as a transferee be-

cause of the receipt of the money in a joint bank account. He cites *Irvine* v. *Helvering*, 99 Fed. (2d) 265. Since the petitioner received other assets in excess of the tax liability, we need not decide whether the automobile, not being worth more than $450, would make the petitioner liable as a transferee, by reason of its receipt.

The petitioner contends that the $22,000 which she received from the State of New York under its employee pension system was exempt from execution under section 70 of the Civil Service Law, and the $9,800 which she received on the insurance policies was exempt from execution under section 166 of the insurance laws of the State of New York. She also argues that she was not a "distributee" of either asset. The respondent contends that the exemptions relied upon were taken away by section 249–kk of the tax law of the State of New York, whereas the petitioner replies that the latter section took the exemption away only for the purpose of the New York inheritance tax. It is unnecessary to decide those questions, because it has been held that a person in the position of this petitioner is a transferee and the Federal Government can follow the property of a transferor, including the proceeds of life insurance, into the hands of such a person for the purpose of collecting taxes lawfully due from the transferor, without regard to the limitations of state law. *Pearlman* v. *Commissioner*, 153 Fed. (2d) 560; *Kieferdorf* v. *Commissioner*, 142 Fed. (2d) 723; certiorari denied, 323 U. S. 733. The amount received by this petitioner is in excess of the transferee liability.

Reviewed by the Court.

*Decision will be entered for the respondent.*