RUTH HALLE ROWEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ETHEL F. HALLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDWARD HALLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 31666, 31667, 31668. Promulgated August 18, 1952.

*Edward Halle, Esq., pro se* and for the petitioners.
*Robert Margolis, Esq.,* for the respondent.

878

OPINION.

BLACK, *Judge:* Three issues are presented in these proceedings. We shall consider each issue in the order set forth in our preliminary statement. The first two issues are questions of law, and the third issue is primarily one of fact.

## *Issue 1.*

As to the first issue, petitioners contend that the statute of limitations bars any assessment of tax against them as transferees. The applicable provision of the Code, section 311, reads as follows:

SEC. 311. TRANSFERRED ASSETS.

\* \* \* \* \* \* \*

(b) PERIOD OF LIMITATION.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

    (1) In the case of the liability of an initial transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the taxpayer;

In their petitions the petitioners allege that the statute of limitations bars this proceeding and the single fact alleged by them in support of their contention was that a jeopardy assessment was made against the transferor on September 23, 1944. Their allegations of error as to the statute of limitations is couched in the following language:

The Commissioner's failure to note the Statute of Limitations has run against assessment of petitioner since no assessment was made against petitioner within one year from on or about September 23, 1944, the date of jeopardy assessment against Louis Halle, Deceased, for the taxes and penalties in dispute herein.

The Commissioner's failure to proceed to collect the alleged taxes in dispute from Louis Halle, Deceased, or to proceed against his assets from the date of the said jeopardy assessment until his death on January 4, 1949, which constituted Laches, barring assessment and/or collection against petitioner, especially in view of the fact that Commissioner's first notice to petitioner was mailed on September 14, 1950, more than a year and a half after the death of said Louis Halle, Deceased.

Petitioners made no effort at the hearing to establish the facts with reference to any jeopardy assessment made against Louis Halle on September 23, 1944, nor did they rely on that fact in their brief.

Since the petitioners are before us in these proceedings as transferees, the starting point in deciding any statute of limitations question is, of course, section 311 of the Code, *supra.* Applying that section to the facts here, we find that assessment may be made against petitioners only within one year after the expiration of the period of limitation for assessment against Louis Halle, the transferor, and in deciding this question we must, therefore, look to the transferor and determine when assessment against him was barred by the statute of limitations. In the proceeding of *Louis Halle, supra,* before the Tax Court, which decision as we have already pointed out has long

since become final, we made a finding of fact which read as follows: "Each return filed by the petitioner or by the petitioner and his wife for the years 1929 to 1938, inclusive, was false and fraudulent with intent to evade tax." Section 276 (a) of the Internal Revenue Code provides:

SEC. 276. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION—EXCEPTIONS.—

(a) FALSE RETURN OR NO RETURN.—In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment at any time.

Thus, it will be seen that there is no statute of limitations which runs against the assessment of taxes and penalties where the taxpayer's returns were false and fraudulent with intent to evade tax. In such a case, the statute provides that the Commissioner may assess the tax at "*any time.*" Therefore, it seems clear that no statute of limitations has barred assessment against the transferor Louis Halle and it naturally follows that if assessment is not barred against the transferor, it likewise is not barred against the transferees. Cf. *Marie Minor Sanborn*, 39 B. T. A. 721. In the *Sanborn* case, *supra*, we held that the filing of returns by an executor or administrator after final settlement and discharge was an unauthorized act and did not start the running of the statute of limitations. In deciding against the taxpayer in that case on the issue of the statute of limitations, we said:

\* \* \* We are thus driven to conclude that no return was filed by the estate, and if no return was filed the statute of limitations never began to run: Revenue Act of 1928, sec. 276 (a). It thus becomes completely immaterial whether anything was effective to toll the statute, and the Commissioner's assessment and any proceedings to collect would have been valid at *any time.* *Amalgamated Sugar Co.*, 24 B. T. A. 149; *Will T. Caswell*, 36 B. T. A. 816, 827. [Emphasis added.]

Section 276 (a) of which we spoke in the *Sanborn* case, *supra*, is the same section which is applicable here. It provides that the statute of limitations does not run where the taxpayer files no return or where the return which he does file is fraudulent with intent to evade tax. As we have already stated, clearly the statute of limitations had not run in favor of Louis Halle or his estate because the returns which Louis Halle filed were false and fraudulent. The petitioners also argue that the decision in *Louis Halle, supra*, was invalid, contending the statute of limitations barred that proceeding. The limitations plea was considered as having been raised in *Louis Halle, supra*, and in holding that the proceeding was not barred, our Court obviously relied on section 276 (a) of the Code. It was clearly applicable. On this issue of the statute of limitations, we hold for respondent.

## Issue 2.

We now consider the second issue relating to the liability of petitioners as transferees on account of the insurance policies. The pertinent facts, concisely stated, are these: The decedent died insolvent, the estate assets consisting of no more than $25 and, among its liabilities, Federal income taxes and additions thereto totaling $401,507.56; the decedent had insurance on his life and from these policies the petitioners, as named beneficiaries, received more than $25,000 upon the death of Louis Halle; the decedent had the right to change the beneficiaries in these policies at the time of his death. These facts, we think, contain the elements essential to transferee liability as provided for under section 311 of the Code. The liability of petitioners herein is an equitable one just as in *Christine D. Muller*, 10 T. C. 678. Petitioners are unable to distinguish *Christine D. Muller* and we have, in effect, been asked to overrule our decision there. We are not so inclined; that case and the authorities cited therein dispose of this issue. Cf. *Sadie D. Leary*, 18 T. C. 139. The petitioners are liable as transferees of Louis Halle to the extent of the proceeds of life insurance received by them, the amount of which we have set out in our Findings of Fact, together with interest thereon as provided by law.

## Issue 3.

The third issue relates only to one petitioner, Ethel F. Halle. As we have heretofore stated, the respondent asserts liability against petitioners as tranferees in equity. It is a well settled principle of law that an essential element of transferee liability in equity is that a transfer made without adequate consideration must leave the taxpayer insolvent and unable to meet his tax liability. *Samuel Keller*, 21 B. T. A. 84, affd. 59 F. 2d 499.

Respondent seeks to hold Ethel F. Halle as transferee of Louis Halle for transfers alleged to have been made during the period January 1, 1929, to December 31, 1938, and alleged to amount to $178,320.34. The facts here do not represent the usual transferee situation where as of one certain date a transfer is made. The alleged transfers which we are here concerned with are quite numerous and are in varying sums of money and were made during a full 10-year period. Entered as exhibits at the hearing were transcripts of the bank accounts and brokerage accounts of Louis Halle and his wife, Ethel F. Halle, during the period 1929 to 1938, inclusive. During this period Louis Halle maintained bank accounts at the Pennsylvania Exchange Bank and Sterling National Bank and Ethel F. Halle maintained accounts at the following institutions: Empire City Savings Bank, Citizens Savings Bank, Corn Exchange Trust Com-

pany, East River Savings Bank, Central Savings Bank, Pennsylvania Exchange Bank, J. R. Williston & Co., Kidder, Peabody & Co., and G. M. P. Murphy & Co. Respondent, through an expert witness, analyzed and summarized the various entries, and contends that transfers totaling over $263,000 were made from the accounts of Louis Halle to Ethel F. Halle. This total was arrived at by means of matching deposits of Ethel F. Halle to withdrawals of Louis Halle. That some such transfers were made was found as a fact in *Louis Halle, supra*. There was no direct testimony in the instant case that Louis Halle made transfers to his wife Ethel, but assuming without deciding, that Louis Halle made the transfers to Ethel in the amounts which respondent alleges that would not within itself establish transferee liability against Ethel. The respondent would have to go further and prove that these alleged transfers were either made when Louis was insolvent or that such transfers rendered Louis insolvent. This latter essential element we hold that respondent has failed to prove.

It is the respondent's theory that there was a continuing insolvency of Louis Halle during the period from January 1, 1929, to December 31, 1938. We agree that if this be true, then there would be no necessity for respondent to prove insolvency of Louis Halle on each and every day that transfers were made. Both respondent and the petitioners have presented exhibits which purport to set forth as of December 31 of each year during the period the net worth of the deceased. As will be seen by an examination of our Findings of Fact petitioners and respondent each made a separate "net worth" computation.

Since the burden of proof in respect to the insolvency of the taxpayer is upon the respondent his failure to establish that the transferor was insolvent at the time the alleged transfers were made or resulted in making him insolvent means that he has failed to establish his case as to Ethel F. Halle with respect to these alleged transfers. The facts establish clearly that Louis Halle during each of the years 1929 to 1938, inclusive, had large amounts of net income. The very fact that he had large sums of net income in the years 1929 to 1938, inclusive, which he did not report on his returns was the basis for our decision determining deficiencies and fraud penalties against him for those years. Yet respondent would now have us make a finding of fact that notwithstanding these large amounts of income which Louis Halle unquestionably had in each of those years, he was insolvent at the end of each year. Of course, it is possible that this could

be so but in view of the fact that he had large amounts of net income in each of the years 1929 to 1938, inclusive, we think it is very unlikely that he was insolvent during those years. Certainly respondent has not proved insolvency of Louis Halle for this period and we cannot make any finding of fact that he has done so. Under these circumstances we hold that Ethel F. Halle is not liable as transferee in respect to such transfers as might have been made to her by Louis Halle during the period 1929 through 1938. On that part of his determination respondent is reversed.

It is, therefore, determined that petitioners are liable as transferees to the following extent, together with interest as provided by law:

| Name of petitioner | Docket No. | Transferee liability |
|---|---|---|
| Ruth Halle Rowen | 31666 | $5,632.89 |
| Ethel F. Halle | 31667 | 14,073.60 |
| Edward Halle | 31668 | 5,632.88 |

*Decisions will be entered accordingly.*