Margaret A. Tyson v. Commissioner.
Tyson v. Commissioner
Docket No. 37494.
United States Tax Court
1953 Tax Ct. Memo LEXIS 223; 12 T.C.M. (CCH) 641; T.C.M. (RIA) 53198; June 5, 1953
John B. Poole, Esq., 924 Ford Building, Detroit, Mich., for the petitioner. Peter K. Nevitt, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The petitioner, Margaret A. Tyson, requests a redetermination of her liability as transferee of the Estate of John Z. Lander, Deceased, for a deficiency in income tax for the taxable period commencing January 1, 1948, and ending December 30, 1948, in the amount of $4,497.28. Petitioner is the widow of John Z. Lander. The question for determination is: Did the Commissioner err in his determination of the deficiency in question in holding that the petitioner was liable for payment of the income tax assessed *224 against the Estate of John Z. Lander as transferee of the assets of said estate? All of the facts in this case have been stipulated by the parties and are so found. Petitioner, Margaret A. Tyson, the widow of John Z. Lander, is an individual who formerly resided in Birmingham, Michigan, and who presently resides at Ardmore, Pennsylvania. Her former husband, John Z. Lander, died intestate on December 30, 1948, leaving estate assets of the total value of $4,783.75. The administrator of his estate, appointed by the Oakland County Michigan Probate Court, filed an income tax return for said deceased with the collector of internal revenue for the district of Michigan at Detroit, which showed that for the period commencing January 1, 1948, and ending December 30, 1948, the decedent received net taxable income of $21,146.60 and was, therefore, liable for Federal income taxes of $5,784.22. The assets of decedent's estate were expended by the administrator as follows: Allowance for widow and minor child, $300 per month for twelve months
$3,600.00
Funeral expense
684.65
Administrator's fee
200.00
Appraisers' fees
100.00
Miscellaneous administration expenses
82.40
Legal fee
116.70
Total
$4,783.75
*225 The Commissioner made a timely demand and claim on decedent's estate for payment of his unpaid income tax for the period January 1, 1948 through December 30, 1948. No part of this tax was paid by the estate and it remains due and unpaid. The decedent on April 27, 1934, obtained a policy of insurance on his life, issued by the Life Insurance Company of Virginia, in which petitioner was designated as beneficiary. Although by the terms of said policy the decedent had the right at any time to change the beneficiary no such change was made to the date of his death. The full face value of the policy of insurance in the amount of $4,497.28 was paid directly by the insurance company to petitioner shortly after the death of decedent. Decedent during his lifetime, and to the time of his death, earned a monthly salary of approximately $1,750 and owned in joint tenancy with his wife, the petitioner, an equity in real estate worth approximately $20,000. He was solvent prior to the time of his death; at the time of his death his estate was insolvent. Petitioner contends that because she was from its inception the beneficiary under the policy of life insurance here involved there was never *226 a transfer of assets upon which to base a finding of transferee liability; that the proceeds of life insurance received by petitioner at no time were the property of decedent during his lifetime, nor did they form a portion of the assets of his estate; and that decedent was at all times prior to his death solvent. On the ground that Florence Pearlman, 4 T.C. 34, affd. 153 Fed. (2d) 560 (C.C.A. 3, 1946), is said to involve a transferee liability where a widow received the proceeds of her deceased husband's life insurance, after the designated beneficiary had been changed from the original designation to that of the widow, petitioner contends that our decisions in Ruth Halle Rowen, 18 T.C. 874, and Christine D. Muller, 10 T.C. 678, must of necessity have been based upon the same state of facts although such facts are not apparent from a reading of those decisions. Petitioner's premise is faulty. Our decision in each of said cases is based upon the facts recited therein. The insolvency with which we are concerned is the insolvency of the estate at the death of the decedent in so far as its inability to pay the Federal income taxes *227 of the decedent is concerned. It is also evident that where decedent is possessed of the right to change the beneficiary of his life insurance and does not do so, and leaves an estate insufficient in value to pay income taxes assessed, this Court has consistently construed such failure to change the beneficiary to be a transfer of assets within the meaning of section 311 (a) (1), Internal Revenue Code, resulting in an equitable liability being imposed upon the transferee. We said in Ruth Halle Rowen, supra, as follows: "* * * The decedent died insolvent, the estate assets consisting of no more than $25 and, among its liabilities, Federal income taxes and additions thereto totaling $401,507.56; the decedent had insurance on his life and from these policies the petitioners, as named beneficiaries, received more than $25,000 upon the death of Louis Halle; the decedent had the right to change the beneficiaries in these policies at the time of his death. These facts, we think, contain the elements essential to transferee liability as provided for under section 311 of the Code. The liability of petitioners herein is an equitable one just as in Christine D. Muller, 10 T.C. 678. *228 Petitioners are unable to distinguish Christine D. Muller and we have, in effect, been asked to overrule our decision there. We are not so inclined; that case and the authorities cited therein dispose of this issue. * * *" On the facts, this case is not distinguishable from Rowen and Muller, supra. On the authority of Rowen, supra, the respondent has made a prima facie case. The burden of proof, therefore, having shifted to the petitioner, and the petitioner having failed on the facts presented to show that the elements of transferee liability listed in Rowen, supra, are lacking in the instant case, we must on the authority of Rowen and Muller, supra, find that the petitioner is liable as transferee of the Estate of John Z. Lander in the sum of $4,497.28 for the income taxes of said decedent for the taxable period January 1, 1948 through December 30, 1948. Decision will be entered for the respondent.