AURA GRIMES BALES, TRANSFEREE, NATHAN W. BALES, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37232. Filed May 20, 1954.

*J. E. Lyon, Esq.*, for the petitioner.
*James R. Harper, Jr., Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge:* Before turning to the merits of the question of petitioner's liability as transferee, we will consider whether the statute of limitations bars the respondent from proceeding against her.

In issue are her husband's income taxes for 1946 and 1947. In the view we take, the facts concerning the 1946 return are critical and if the petitioner's liability is not extinguished by the statute of limitations for that year, then her liability for 1947 is also open.

When the respondent mailed his notice of deficiency to the petitioner as administratrix of her husband's estate, 78 days remained in the 3-year period in which an assessment could have been made. The question is whether the respondent is entitled to add the unexpired 78 days *after* the end of the 60 days provided in section 277 of the Internal Revenue Code,[2] to lengthen further the time in which the transferor could have been assessed. The petitioner contends that the respondent has forfeited the 78 days and that assessment against her husband had to be made, if at all, in the 60-day period allowed in section 277 following the 90-day period which began with the mailing of the deficiency notice.

The principal difficulty with the petitioner's contention is that it would have the effect of shortening the normal 3-year statute of limitations in which her husband could have been assessed. Adoption of her

---

[2] SEC. 277. SUSPENSION OF RUNNING OF STATUTE.

The running of the statute of limitations provided in section 275 or 276 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under section 272 (a)) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Board, until the decision of the Board becomes final), and for sixty days thereafter.

argument would also mean that the statute of limitations had no effect after the respondent mailed his deficiency notice to a delinquent taxpayer, and would mean that the Commissioner would have only the 60 days provided in section 277 to make his assessment after the decision of the Court became final, or after the 90-day waiting period expired.

What we have to decide is the meaning of the phrase in section 277 which provides that the mailing of the deficiency notice "suspends" the running of the statute of limitations. This question was before us in *Hoosac Mills Corporation*, 29 B. T. A. 1057, revd. 75 F. 2d 462, and *American Locker Co.*, 21 B. T. A. 408. We think one of the best statements of the question is to be found in the words of the Court of Claims in *Olds & Whipple, Inc.* v. *United States*, (Ct. Cl.) 22 F. Supp. 809, where it is said:

"Suspended" was here used in its common and general usage, meaning held in abeyance, temporarily inoperative, arrested, interrupted, stopped for a time. And we think it is clear that Congress intended by the language used that the limitation period specified in the statutes should simply be held in abeyance and should not run during the specified period and that at the end of such period the statute should again commence to run. The 60 days after the decision of the Board becomes final is simply a part of the suspended period and the Commissioner is entitled, in making the assessment of a deficiency determined by the Board, to use the 60-day period together with any unexpired portion of the statute of limitation remaining at the time it became suspended by the mailing of the deficiency notice. We think the language of the statute is not reasonably susceptible to any other construction. It plainly states that the running of the statute of limitation shall be suspended and this can only mean that when the period of suspension ceases the limitation period again commences to run.

The court in the foregoing was discussing the effect of the provisions of section 277 (b) of the Revenue Act of 1926 and section 277 of the Revenue Act of 1928 which are parallel to the present section 277 of the Code. A similar interpretation was reached in *Brooks* v. *Driscoll*, (C. A. 3) 114 F. 2d 426. We are in agreement with this interpretation of the statute.

When the above interpretation is applied to the facts of this case, it will be seen that the respondent could have assessed the petitioner's husband any time up to August 10, 1950, and the notice of deficiency which was mailed to the petitioner on July 30, 1951, is within a year of the foregoing date as required by section 311 (b) (1)[3] and consequently timely.

Everything we have said with respect to 1946 applies to the return for 1947, in which case the unexpired time was not as critical a factor

---

[3] SEC. 311. TRANSFERRED ASSETS.

(b) PERIOD OF LIMITATION.—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) In the case of the liability of an initial transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the taxpayer;

in computing the period of limitation against the petitioner. The statutory 3-year period of limitation on the assessment for 1947 did not expire until April 15, 1951, and notice to petitioner was given well within a year from that date.

The question on the merits is whether the receipt by petitioner of the proceeds from insurance policies on the life of her husband renders her liable as a transferee for his delinquent income taxes. It is conceded that her husband owed the taxes which were assessed against him, that he was insolvent at the time of his death and for several years before, and that his estate was insolvent.

Petitioner's husband held 6 insurance policies at the time of his death. Two are not involved because the petitioner received nothing from them. Two others were the standard type of life policy in which the petitioner was named as beneficiary, her husband retaining the power to change the designation of beneficiary. Another was an accident indemnity policy and the remaining one was a policy on the joint lives of petitioner and her husband with the right in the survivor to receive the face amount of the policy.

From the 2 standard life policies, the petitioner received a total of $5,392.48. Since the respondent concedes on brief that "The proceeds from these two policies * * * are in excess of the transferee liability asserted herein" we find it unnecessary to probe the difficult and complicated questions involved in whether the proceeds of the accident policy or the survivorship policy can be reached.

The petitioner makes 2 contentions against her liability as a transferee. First, she argues that North Carolina constitutional and statutory provisions exempt the proceeds of policies on her husband's life from the claims against her husband. Secondly, she argues that there never has been a transfer in this case which affected the solvency of her husband during his lifetime or his estate following his death.

The State law provisions which the petitioner raises are those which are found in many States exempting the proceeds of life insurance payable to a widow and near relations from the claims of a deceased husband's creditors. However, we think that these provisions do not shield the petitioner. The imposition and collection of the Federal income tax is a Federal function and liability for Federal taxes should be answered without reference to the vagaries of State law limitations. *Pearlman* v. *Commissioner*, (C. A. 3) 153 F. 2d 560, affirming 4 T. C. 34; *Christine D. Muller*, 10 T. C. 678.

There are cases which suggest that State law exemptions or limitations of the type raised by petitioner are significant but the rule in this Court now is that such provisions do not prevent the imposition of transferee liability on the receiver of the proceeds of life insurance.

We think it is also well settled that a beneficiary who receives the proceeds of life insurance is a transferee within the meaning of sec-

tion 311 (f) and can be held to account to the extent of such proceeds in the payment of the insured's income tax liability. *Christine D. Muller, supra; Sadie D. Leary*, 18 T. C. 139. In the case before us, the petitioner's husband retained the power to change the beneficiary of the 2 standard life policies. That power gave him the authority to shift the right to receive the proceeds of the policy from his wife to his estate. Had that right been exercised in favor of his estate, they would have been unquestionably available to satisfy his income tax liability. We think that the existence of this power, together with the fact of his insolvency prior to his death and of his estate after his death, contains all the elements of an equitable liability against the petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*