Elfreda E. Wendell, Transferee v. Commissioner.
Wendell v. Commissioner
Docket No. 51643.
United States Tax Court
T.C. Memo 1956-40; 1956 Tax Ct. Memo LEXIS 254; 15 T.C.M. (CCH) 179; T.C.M. (RIA) 56040; February 23, 1956
Norman P. Burau, Esq., National Bank Building, Detroit, Mich., for the petitioner. Peter K. Nevitt, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent determined that petitioner was liable as transferee of the assets of Leo M. Wendell, deceased, for income tax of the decedent in the amount of $4,154.59 for the period January 1, 1945, to July 10, 1945, for an addition to tax of $1,038.65 under section 291(a) of the Internal Revenue Code of 1939, and for interest as provided by law in the amount of $1,350.24, or a total *255 of $6,543.48. Of the foregoing amount, $1,896.59 was paid subsequent to the issuance of the notice of deficiency, leaving in controversy herein $4,646.90. The sole issue presented is the correctness of the respondent's action in determining that petitioner is liable as transferee for the entire amount of decedent's unpaid income tax, addition to tax and interest, or to the extent of the cash surrender value at decedent's death of life insurance policies payable to petitioner. All of the facts have been stipulated and are found accordingly. [Findings of Fact] The petitioner, Elfreda E. Wendell, is the widow of Leo M. Wendell who died intestate July 10, 1945. A Federal income tax return was filed on behalf of Leo M. Wendell for the taxable period January 31, 1945, to July 10, 1945, with the collector for the district of Michigan. The decedent's estate is liable for a deficiency in Federal income tax for the taxable period January 1, 1945, to July 10, 1945, in the amount of $4,154.59 together with an addition to tax under section 291(a) of the 1939 Code in the amount of $1,038.65 and interest as provided by law in the amount of $1,350.24. The Commissioner made a timely *256 demand and claim on the estate of Leo M. Wendell for the payment of his Federal income tax, addition to tax and interest due for the taxable period January 1, 1945, to July 10, 1945. Although decedent was solvent during his lifetime, at the time of his death his estate was insolvent. After payment of administration expenses and Federal estate tax, only $1,896.58 remained in decedent's estate for application against his liability for tax, addition to tax and interest for the taxable period January 1, 1945, to July 10, 1945. Consequently only $1,896.58 of this liability has been paid. On September 1, 1938, and again on November 1, 1938, Leo M. Wendell took out a policy of insurance on his life with The Maccabees, a fraternal insurance association. The face amounts of these policies were $20,000 and $5,000, respectively. Petitioner was named as beneficiary of both policies at the date of issuance. Decedent paid all premiums due on these policies from his own funds. Both policies were in full force and effect at the time of his death. The original beneficiary was never changed and the gross proceeds of both policies, amounting to $25,528.94, were paid directly to petitioner on August 3, 1945. *257 Leo M. Wendell retained complete control over the aforementioned policies. He reserved the right to change beneficiary, the right to borrow on the policies, and the right to surrender them for cash. The total cash surrender value of both of decedent's life insurance policies with The Maccabees amounted to $3,633.94 as of the date of his death. [Opinion] Respondent claims that petitioner is liable for the unpaid tax, addition to tax, and interest as transferee under section 311 of the 1939 Code. [1] In support of his position, respondent asserts that the proceeds of the aforementioned policies, at least to the extent of their cash surrender value, constituted property of decedent's estate. Petitioner contends that the Commissioner is not entitled to the proceeds of decedent's insurance policies on the ground that the insurance proceeds were not decedent's property and did not become an asset of his estate. Petitioner further contends that the proceeds of life insurance are exempt from claims of the insured's creditors under a Michigan exemption statute. *258 The issue involved herein has been the subject of considerable litigation in recent years. Following the decisions in Pearlman v. Commissioner, 153 Fed. (2d) 560, affirming 4 T.C. 34, and Kieferdorf v. Commissioner, 142 Fed. (2d) 723, affirming 1 T.C. 722, in Christine D. Muller, 10 T.C. 678, we reaffirmed our earlier position to the effect that the Commissioner is entitled to follow the property of the transferor, including the proceeds of life insurance, into the hands of the transferee-beneficiary for the purpose of collecting taxes due from the transferor, without regard to the limitations of state law. See also Aura Grimes Bales, Transferee, 22 T.C. 355. It is our opinion that the principle enunciated in the foregoing decisions should be applied to the facts here in issue, and, consequently, we respectfully decline to follow the contrary views expressed in Tyson v. Commissioner, 212 Fed. (2d) 16; Rowen v. Commissioner, 215 Fed. (2d) 641; United States v. New, 217 Fed. (2d) 166; and United States v. Truax, 223 Fed. (2d) 229. We, therefore, hold that *259 petitioner is liable as transferee under section 311 of the 1939 Code to the extent of the unpaid income tax, addition to tax, and interest for which the estate of Leo M. Wendell is liable. Decision will be entered under Rule 50. Footnotes
1. SEC. 311. TRANSFERRED ASSETS. (a) Method of Collection. - The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds): (1) Transferees. - The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter. * * *
Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax. * * *
(f) Definition of "Transferee". - As used in this section, the term "transferee" includes heir, legatee, devisee, and distributee.↩