HOOSAC MILLS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67032. Promulgated February 13, 1934.

*Theodore B. Benson, Esq.*, for the petitioner.
*J. R. Johnston, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner notified the petitioner that he proposed to hold it liable, as transferee of a transferee, for a deficiency in income taxes of the Nemasket Mill for the year 1919 in the amount of $27,300.72. The only issue is whether the statute of limitations has run so as to bar the Commissioner from assessing against and collecting from the petitioner the deficiency in taxes of the taxpayer. The facts were stipulated and we give only enough of them here for an understanding of the question presented.

In 1924 and 1925 the taxpayer, Nemasket Mill, executed and filed with the Commissioner two waivers, the sufficiency and validity of which are not questioned, and both of which contain the following provision:

This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board

of Tax Appeals, then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision of said Board.

On February 20, 1926, the Commissioner sent to the Nemasket Mill a notice of a deficiency in its 1919 taxes in the amount of $27,-300.72, from which notice an appeal was timely filed with the Board and was docketed as proceeding No. 14821. On May 26, 1930, counsel for the parties in that proceeding filed a stipulation setting forth that the deficiency was in the amount determined by the Commissioner and " that the Board may enter an order of redetermination accordingly." The stipulation contained the following provision:

It is understood and agreed that the Commissioner may assess and collect the said deficiency immediately upon the issuance by the Board of its order of redetermination without regard to the restrictions, if any, contained in section 274 (a) of the Revenue Act of 1926 or section 272 (a) of the Revenue Act of 1928.

On May 29, 1930, the Board entered its decision reading as follows:

### DECISION.

Under written stipulation signed by counsel for the parties in the above-entitled proceeding and filed with the Board on May 26, 1930, it is

ORDERED AND DECIDED: That there is a deficiency for the year 1919 in the amount of $27,300.72.

On July 26, 1930, the Commissioner assessed the deficiency of $27,300.72 against the Nemasket Mill.

On May 18, 1932, the Commissioner sent to the petitioner herein a notice that he would hold it liable, as a transferee, for the deficiency in taxes of Nemasket Mill in the amount of $27,300.72 for the year 1919. This proceeding is based on that notice.

The parties have stipulated that the petitioner is liable under section 280 of the Revenue Act of 1926 for the deficiency in income taxes of the Nemasket Mill for 1919 in case we hold that the statute of limitations had not run on May 18, 1932, with respect to the liability asserted by the notice of that date.

The Revenue Act of 1928 was in effect at the time the notice to the petitioner was mailed. The proceeding, however, is not governed by that revenue act, although in a similar case the Board erroneously treated that act as applicable. *375 Park Avenue Corp.*, 23 B.T.A. 969. Section 311 of the Revenue Act of 1928, which provides for additional time for assessment against an initial transferee and also against a transferee of a transferee, is a part of Title I of the act, and section 1 of that title provides as follows:

SEC. 1. APPLICATION OF TITLE.

The provisions of this title shall apply only to the taxable year 1928 and succeeding taxable years. Income, war-profits, and excess-profits taxes for

taxable years preceding the taxable year 1928 shall not be affected by the provisions of this title, but shall remain subject to the applicable provisions of prior Revenue Acts, except * * *

Plainly under this provision section 311 is not applicable to taxes for years prior to 1928.

The applicable statute is the Revenue Act of 1926. That act provides in section 280 (b) (1) that the period of limitation for assessment against a transferee is " one year after the expiration of the period of limitation for assessment against the taxpayer." It is thus necessary to decide when the period for assessment against the taxpayer, Nemasket Mill, expired. When a notice of deficiency is sent to a taxpayer and an appeal therefrom is filed with the Board, the Commissioner is prohibited under section 274 (a) of the Revenue Act of 1926 from making an assessment " until the decision of the Board has become final." The decision becomes final under section 1005 (a) (1) " upon expiration of the time allowed for filing a petition for review," and that time was " within six months after the decision is rendered." Section 1001 (a). Section 277 (b)[1] provides that the running of the statute of limitations shall be suspended after the mailing of a deficiency notice for the period during which the Commissioner is prohibited from making an assessment " and for 60 days thereafter."

On February 20, 1926, when the notice of deficiency was mailed to the transferor, the statutory period for assessment against the taxpayer, as extended by waivers, had not expired. The parties agree that the date of final decision was May 29, 1930, and that the period of six months allowed by section 1001 (a) for filing a petition for review should not be added in. It was obviously the intent of both parties in filing the stipulation that a decision should be entered immediately, and that such decision should be final without the right to either side to appeal therefrom. The petitioner's contention is that the period for assessment against the transferor expired, at the latest, 60 days after final decision of the Board was entered.

The statutory period for assessment against the taxpayer was extended under the terms of the waivers from December 31, 1926, for four years, three months, and nine days (the time which elapsed between the date of the deficiency notice and that of final decision by the Board). Thus, under the waivers, the statutory period of limitation on assessment expired on April 9, 1931. But after the parties had thus consented to *extend* the statutory period for assessment,

---

[1] SEC. 277. (b) The running of the statute of limitations provided in this section or in section 278 on the making of assessments and the beginning of distraint or a proceeding in court for collection, in respect of any deficiency, shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment or beginning distraint or a proceeding in court, and for 60 days thereafter.

section 277 (b) of the Revenue Act of 1926 was enacted, which provides that the running of the statute of limitations on the making of assessments shall be *suspended* for the period during which the Commissioner is prohibited from making the assessment and for 60 days thereafter. This provision of the statute may not be disregarded merely because the Commissioner and the taxpayer had provided in their consents for an adequate extension of the statutory period in the event that the Commissioner sent a notice of deficiency to the taxpayer. Despite its legislative history and purpose, section 277 (b) is not limited to those cases in which the Commissioner would otherwise have less than 60 days after final decision in which to assess. Clearly the parties consented to extend the statutory period for assessment in any event to December 31, 1926. The waivers also contain provisions under which the statutory period for assessment was extended even longer, but the Commissioner does not need to resort to those provisions in this case. Prior to December 31, 1926, on February 20, 1926, while " the period of limitation for assessment against the taxpayer " still had at least ten months and eleven days to run, the Commissioner mailed a notice of deficiency to the taxpayer under section 274 (a). The Commissioner was prohibited from making an assessment from February 20, 1926, until May 29, 1930, and, under section 277 (b), the running of the statute of limitations on the making of an assessment was *suspended* during all of that period " and for 60 days thereafter." Thus the running of the statutory period on the making of an assessment against the taxpayer was suspended until July 28, 1930 (60 days after May 29, 1930, when the decision became final). The unexpired portion of the limitation period then picks up again to run until it expires. *Northern Anthracite Coal Co.*, 21 B.T.A. 1116. Cf. *American Locker Co.*, 21 B.T.A. 408. The phrase " statutory period of limitation " includes not only the five years after the return was due or was made, provided in section 250 (d) of the Revenue Act of 1918, but includes also any extension of that period to which the taxpayer and the Commissioner have consented in writing as provided in later acts. *Northern Anthracite Coal Co.*, *supra*, and cases there cited. As we have already pointed out, the unexpired portion of the limitation period amounted to at least ten months and eleven days. It began to run on July 28, 1930, and clearly had not expired on May 19, 1931. Thus the notice to the transferee mailed on May 18, 1932, was mailed " within one year after the expiration of the period of limitation for assessment against the taxpayer " and was not too late under section 280.

Reviewed by the Board.

*Decision will be entered for the respondent.*

ARUNDELL, dissenting: My dissent from the majority view arises from the fact that it disregards the plain terms of the waiver agreement. It is true that section 277 (b) suspends the running of the statutory time from the date the deficiency notice was mailed February 20, 1926, to the date of the Board's final decision, and for 60 days thereafter, to wit, July 28, 1930. But this time is not sufficient for the respondent and he must look to the waiver agreement for an additional period. The waiver agreement plainly states what that time shall be. It provides that the tax must be assessed by December 31, 1926, unless a notice of deficiency is mailed and proceedings are brought to the Board, in which event the number of days between the mailing of the notice and the date of final decision by the Board shall be added to December 31, 1926. The waiver does not provide for a different or longer period and such additional time should not be added to it.

Counting the unexpired time under the waivers of ten months and eleven days from the date of final decision, May 29, 1930, the period for proceeding against the taxpayer would expire April 9, 1931, and in the case of the transferee, one year later or April 9, 1932. The respondent's notice to petitioner as transferee was not sent until May 18, 1932, and therefore was not timely.

SMITH and TRAMMELL agree with this dissent.