WILLIAM E. AUFLEGER AND ADA A. AUFLEGER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 19833–90.          Filed July 23, 1992.

*LeRoy Boyer,* for petitioners.
*Gary L. Bloom,* for respondent.

OPINION

JACOBS, *Judge:* Respondent determined a deficiency of $11,502.58 in petitioners' 1984 Federal income taxes. On their 1984 individual income tax return, petitioners reported a loss of $18,172 as the distributive share of the loss of William E. Aufleger (referred to in the singular as petitioner) from Jokers, King of Comedy, Inc. (Jokers), an S corporation. Respondent determined that Jokers had a gain, not a loss, and that petitioner's distributive share of the gain was $39,339.88, which resulted in an income adjustment of $57,511.88. After concessions by both parties, they now agree that the income adjustment should be $2,956.87, rather than $57,511.88. The only issue for decision is whether the period for assessing petitioners' 1984 tax liability (the limitations period) expired before June 7, 1990, the date respondent mailed the notice of deficiency to petitioners.

The parties submitted this case fully stipulated, and the stipulation of facts and exhibits are incorporated herein by this reference.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1990, and all Rule references are to the Tax Court Rules of Practice and Procedure.

*Background*

Petitioners resided in Stillwater, Oklahoma, at the time they filed their petition.

During 1984, petitioner held a 12.958-percent interest in Jokers. Jokers' corporate income tax return for 1984 was due to be filed on or before March 15, 1985. Jokers filed this return on June 6, 1985, and reported a $140,243 net ordinary loss.

On October 15, 1985, petitioners filed their 1984 individual income tax return in which they claimed petitioner's share of Jokers' loss, $18,172, as an ordinary loss. By notice dated July 14, 1986, respondent informed petitioner that respondent was beginning an administrative examination of Jokers. On March 2, 1987, respondent mailed to Jokers' tax matters person notice of the final S corporation administrative adjustment (FSAA). On March 3, 1987, respondent mailed notice of the FSAA to all Jokers' notice shareholders, except petitioner.

Jokers' tax matters person did not seek judicial review of the FSAA within the 90 days following March 2, 1987, and none of the shareholders receiving said notice sought judicial review within the 60 days thereafter. However, on August 10, 1987, 161 days after March 2, 1987, notice shareholders Robert M. and Janice K. Chouteau filed a petition with this Court. On December 8, 1987, the Court granted respondent's motion to dismiss the Chouteaus' petition on the ground their petition had not been timely filed. They did not appeal the dismissal.

On June 29, 1989, respondent mailed notice of the FSAA to petitioner. Petitioner did not elect to have the FSAA apply to him. On June 7, 1990, respondent mailed the notice of deficiency to petitioners. On September 4, 1990, petitioners filed the instant petition.

*Discussion*

In considering the assessment of deficiencies with respect to subchapter S items, we apply those provisions of subchapter C that relate to assessment of deficiencies with respect to partnership items. Sec. 6244(1)(A).

We calculate the limitations period under section 6229 in three steps. First, we apply the general 3-year limitations

period. Section 6229(a) provides that the period for assessing income tax attributable to a partnership item shall not expire before 3 years after the later of (1) the date the partnership return was filed or (2) the last day for filing such return:

SEC. 6229(a). GENERAL RULE.—Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of—

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

The due date for filing Jokers' 1984 corporate income tax return was March 15, 1985; it was filed on June 6, 1985. Thus, considering only the limitations period set forth in section 6229(a), we calculate that the limitations period expired on June 6, 1988, 3 years after Jokers filed its corporate income tax return.

The second step in calculating the limitations period under section 6229 is the suspension of the running of the limitations period under section 6229(d). Section 6229(d) provides that the mailing of notice of a final partnership administrative adjustment (FPAA) suspends the running of the 3-year limitations period for the period during which an action may be brought under section 6226 and for 1 year thereafter:

SEC. 6226(d). SUSPENSION WHEN SECRETARY MAKES ADMINISTRATIVE ADJUSTMENT.—If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended—

(1) for the period during which an action may be brought under section 6226 (and, if an action with respect to such administrative adjustment is brought during such period, until the decision of the court in such action becomes final), and

(2) for 1 year thereafter.

In the instant case, considering only the suspension of the limitations period as set forth in section 6229(d), we calculate that the limitations period expired on November 4, 1989, as follows: On March 2, 1987, when respondent mailed notice of the FSAA to Jokers' tax matters person and the running of

the limitations period was suspended, the unexpired part of the 3-year limitations period was 1 year, 3 months, and 5 days; under section 6226(a), Jokers' tax matters person had 90 days after March 2, 1987, to seek judicial review of the FSAA;[1] under section 6226(b), Jokers' notice shareholders had an additional 60 days, until July 30, 1987, to seek judicial review;[2] under section 6229(d)(2), the running of the 3-year limitations period was suspended for 1 year thereafter, until July 30, 1988; and by tacking the unexpired part of the 3-year limitations period, 1 year, 3 months, and 5 days, on after July 30, 1988, we calculate that the limitations period expired on November 4, 1989.

The third step in calculating the limitations period under section 6229 is the modification of the limitations period. Section 6229(f) provides that if the partnership items become nonpartnership items before the expiration of the limitations period otherwise provided, then the limitations period shall not expire before the date which is 1 year after the date on which partnership items become nonpartnership items:

SEC. 6229(f). ITEMS BECOMING NONPARTNERSHIP ITEMS.—If, before the expiration of the period otherwise provided in this section for assessing any tax imposed by subtitle A with respect to the partnership items of a partner for the partnership taxable year, such items become nonpartnership items by reason of 1 or more of the events described in subsection (b) of section 6231, the period for assessing any tax imposed by subtitle A which is attributable to such items (or any item affected by such items) shall not expire before the date which is 1 year after the date on which the items become nonpartnership items. * * *

Therefore, considering the limitations period as set forth in section 6229(a), as suspended in section 6229(d), and as

---

[1] Sec. 6226(a) provides as follows:

SEC. 6226(a). PETITION BY TAX MATTERS PARTNER.—Within 90 days after the day on which a notice of a final partnership administrative adjustment is mailed to the tax matters partner, the tax matters partner may file a petition for a readjustment of the partnership items for such taxable year with—

(1) the Tax Court,

(2) the district court of the United States for the district in which the partnership's principal place of business is located, or

(3) the Claims Court.

[2] Sec. 6226(b)(1) provides as follows:

SEC. 6226(b). PETITION BY PARTNER OTHER THAN TAX MATTERS PARTNER.—

(1) IN GENERAL.—If the tax matters partner does not file a readjustment petition under subsection (a) with respect to any final partnership administrative adjustment, any notice partner (and any 5-percent group) may, within 60 days after the close of the 90-day period set forth in subsection (a), file a petition for a readjustment of the partnership items for the taxable year involved with any of the courts described in subsection (a).

modified by section 6229(f), we calculate that the limitations period expired on June 29, 1990, as follows: Under section 6223(e)(2), we treat petitioner's subchapter S items for Jokers' 1984 taxable year as nonsubchapter S items because respondent untimely mailed petitioner notice of the FSAA and petitioner did not elect to have the FSAA apply to him;[3] under section 6231(b)(1)(D) and section 301.6223(e)-2T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987), we treat those items as having become nonsubchapter S items as of June 29, 1989, the day on which respondent untimely mailed petitioner notice of the FSAA;[4] under section 6229(d), the limitations period would otherwise have expired on November 4, 1989, after June 29, 1989, when those items

---

[3] Sec. 6223(e) provides, in part, as follows:

SEC. 6223(e). EFFECT OF SECRETARY'S FAILURE TO PROVIDE NOTICE.—

(1) APPLICATION OF SUBSECTION.—

(A) IN GENERAL.—This subsection applies where the Secretary has failed to mail any notice specified in subsection (a) to a partner entitled to such notice within the period specified in subsection (d).

\* \* \* \* \* \* \*

(2) PROCEEDINGS FINISHED.—In any case to which this subsection applies, if at the time the Secretary mails the partner notice of the proceeding—

(A) the period within which a petition for review of a final partnership administrative adjustment under section 6226 may be filed has expired and no such petition has been filed, or

(B) the decision of a court in an action begun by such a petition has become final,

the partner may elect to have such adjustment, such decision, or a settlement agreement described in paragraph (2) of section 6224(c) with respect to the partnership taxable year to which the adjustment relates apply to such partner. If the partner does not make an election under the preceding sentence, the partnership items of the partner for the partnership taxable year to which the proceeding relates shall be treated as nonpartnership items.

[4] Sec. 6231(b)(1)(D) provides, in part, as follows:

SEC. 6231(b). ITEMS CEASE TO BE PARTNERSHIP ITEMS IN CERTAIN CASES.—

(1) IN GENERAL.—For purposes of this subchapter, the partnership items of a partner for a partnership taxable year shall become nonpartnership items as of the date—

\* \* \* \* \* \* \*

(D) such change occurs under subsection (e) of section 6223 (relating to effect of Secretary's failure to provide notice) \* \* \*

Sec. 301.6223(e)-2T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6785 (Mar. 5, 1987), provides in part as follows:

(a) *Proceeding finished.* If at the time the Internal Revenue Service mails the partner notice of the proceeding—

(1) The period within which a petition for review of a final partnership administrative adjustment under section 6226 may be filed has expired and no petition has been filed, or

(2) The decision of a court in an action begun by such a petition has become final, the partner may elect in accordance with paragraph (c) of this section to have that adjustment, that decision, or a settlement agreement described in section 6224(c)(2) with respect to the partnership taxable year to which the adjustment relates apply to that partner. If the partner does not make an election in accordance with paragraph (c) of this section, the partnership items of the partner for the partnership taxable year to which the proceeding relates shall be treated as having become nonpartnership items as of the day on which the Service mails the partner notice of the proceeding.

became nonsubchapter S items; and under section 6229(f), the limitations period did not expire before June 29, 1990, 1 year after June 29, 1989, when those items became nonsubchapter S items.

Based on our calculation that the limitations period for assessing petitioners' 1984 income tax liability expired on June 29, 1990, we conclude that respondent's mailing of the notice of deficiency to petitioners on June 7, 1990, was timely.

Petitioners make two arguments concerning the calculation of the limitations period under section 6229(d).[5] Petitioners' main argument is that the unexpired part of the 3-year limitations period under section 6229(a) should not be tacked on after the suspension of the running of the limitations period under section 6229(d). By adding 90 days plus 60 days plus 1 year to March 2, 1987, when respondent mailed notice of the FSAA to Jokers' tax matters person, petitioners calculate that the limitations period expired on July 30, 1988.

To support their position, petitioners cite *Hoosac Mills Corp. v. Commissioner,* 75 F.2d 462, 463 (1st Cir. 1935), revg. 29 B.T.A. 1057 (1934). In *Hoosac Mills,* Nemasket Mill filed its tax return for 1919 on June 8, 1920. Nemasket Mill extended the time for assessment by executing waivers, each of which contained the following language:

> This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals, then said date shall be extended sixty days or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board. [*Id.*]

Thereafter, Nemasket Mill transferred its assets to Butler Mill, which in turn transferred those assets to Hoosac Mills Corp. On February 20, 1926, respondent sent a notice of deficiency to Nemasket Mill. Nemasket Mill appealed to the Board of Tax Appeals, and on May 29, 1930, the Board of Tax Appeals issued its final decision affirming respondent's action. On May 18, 1932, respondent sent the notice of defi-

---

[5] Petitioners do not address respondent's argument that the limitations period was modified under sec. 6229(f).

ciency to Hoosac Mills as the transferee of Nemasket Mill's assets.

The First Circuit Court of Appeals held that the period for assessing the tax against Hoosac Mills expired on April 9, 1932, which was before respondent sent the notice of deficiency to Hoosac Mills. The court calculated the limitations period as follows: The length of time between the date of mailing of Nemasket Mill's notice of deficiency and the date of the Board's final decision was 4 years, 3 months, and 9 days; the period for assessing the tax against Nemasket Mill was extended pursuant to the waivers from December 31, 1926, by 4 years, 3 months, and 9 days to April 9, 1931; and the period for assessing the tax against Hoosac Mills as a transferee expired 1 year later, on April 9, 1932.

Respondent contended in *Hoosac Mills* that certain statutory provisions, including section 277(b) of the Revenue Act of 1926 (1926 Act), ch. 27, tit. II, 44 Stat. 9, 58-59, suspended the running of the period for assessment provided in the waivers:

> The government contends that these provisions have the effect of suspending the *waivers* so far as they relate to the tolling the statute, and of extending the time within which the tax might be assessed by an additional period as long as that during which the waivers were thus suspended. In other words, this period, amounting to four years, three months, and nine days, is to be added, according to the government's contention, to the date when the decision of the Board became final, and 60 days thereafter, or until November 6, 1934, or against the petitioner until November 6, 1935. * * * [*Hoosac Mills Corp. v. Commissioner, supra* at 464.]

Section 277(b) of the 1926 Act, 44 Stat. 58-59, provided that "The running of the statute of limitations * * * on the making of assessments * * * shall * * * be suspended for the period during which the Commissioner is prohibited from making the assessment * * * and for 60 days thereafter." The First Circuit Court of Appeals disagreed with respondent's contention, stating:

> We think Congress, when it provided by section 277(b) of the 1926 Act, that the running of the statute of limitations was suspended during the period in which the Commissioner was prohibited from assessing a deficiency tax, and for 60 days thereafter, did not thereby intend to extend the time for assessing a deficiency tax beyond the 60 days therein mentioned, by adding the unexpired period of a waiver, if any, after the notice of a

deficiency tax was mailed; but merely to suspend the tolling of the statute of limitations * * *. Ample time to assess a deficiency tax is given by this construction, if the period as extended by a waiver is insufficient in any case. * * * [*Hoosac Mills Corp. v. Commissioner, supra* at 464.]

Initially, we note that we are not bound by the First Circuit's holding in *Hoosac Mills* because it was not decided by the Court of Appeals for the same circuit within which the present case arises. *Golsen v. Commissioner,* 54 T.C. 742, 756-757 (1970), affd. on other grounds 445 F.2d 985 (10th Cir. 1971). Consistent with our interpretation of section 277 of the Revenue Act of 1938 (1938 Act), ch. 289, tit. I, 52 Stat. 447, 540, in *Bales v. Commissioner,* 22 T.C. 355, 359 (1954) (Court reviewed), we will not apply the First Circuit's analysis to our interpretation of section 6229(d). Instead, we interpret section 6229(d) to mean that the unexpired part of the 3-year limitations period under section 6229(a) should be tacked on after the period during which an action may be brought under section 6226 and the 1-year period thereafter. As we will hereinafter discuss, our interpretation is supported by the plain meaning of the word "suspend", by this Court's previous interpretation of the word "suspend" in the context of other statutes of limitations, and by those other courts that have distanced themselves from the decision in *Hoosac Mills*.

Under section 6229(d), the running of the 3-year limitations period provided in section 6229(a) shall be "suspended". The plain meaning of the word "suspend", in the context of a statute of limitations, is to interrupt temporarily the running of the limitations period with the expectation that the running of the limitations period will resume at the end of the suspension. Black's Law Dictionary 1446 (6th ed. 1990) (the word "suspend" means "To interrupt; to cause to cease for a time; to postpone; to stay, delay, or hinder; to discontinue temporarily, but with an expectation or purpose of resumption"); see also *White & Case v. United States,* 22 Cl. Ct. 734, 737 (1991) ("The FPAA tolls the three-year statute of limitations for tax assessments of partnership items from the date it was mailed" to the tax matters partner under section 6229(d)). Petitioners do not suggest that the clearly indicated purpose of Congress requires a different interpretation of the word "suspend" or that our use of the plain meaning of the word "suspend" would lead to an absurd result. *Fehlhaber v.*

*Commissioner,* 94 T.C. 863, 866 (1990), affd. 954 F.2d 653 (11th Cir. 1992). Furthermore, our use of the plain meaning of the word "suspend" is consistent with our duty to construe any statute of limitations that bars rights of the Government strictly in favor of the Government. *Badaracco v. Commissioner,* 464 U.S. 386, 391-392 (1984).

Our interpretation of the word "suspend" in the context of section 6229(d) is also supported by our interpretation of the word "suspend" in the context of other statutes of limitations. For example, the language in section 6229(d), which we now interpret, is almost identical to both the language in section 277 of the 1938 Act (current section 6503(a)(1)), which we interpreted in *Bales v. Commissioner, supra* at 359, and the language in section 6503(i) (current section 6503(h)), which we interpreted in *Clark v. Commissioner,* 90 T.C. 68, 69-71 (1988): Section 6229(d) states that "the running of a period specified in subsection (a) * * * shall be suspended"; section 277 of the 1938 Act, 52 Stat. 540, stated that "The running of the statute of limitations * * * shall * * * be suspended"; and section 6503(i) stated that "The running of the period of limitations provided in section 6501 * * * shall * * * be suspended".

In our Court-reviewed decision in *Bales,* we calculated the end of the limitations period by tacking the unexpired part of a 3-year limitations period for assessment on after the period of suspension under section 277 of the 1938 Act. *Bales v. Commissioner, supra* at 358-359. Interpreting the word "suspended", we reasoned as follows:

"Suspended" was here used in its common and general usage, meaning held in abeyance, temporarily inoperative, arrested, interrupted, stopped for a time. And we think it is clear that Congress intended by the language used that the limitation period specified in the statutes should simply be held in abeyance and should not run during the specified period and that at the end of such period the statute should again commence to run. The 60 days after the decision of the Board becomes final is simply a part of the suspended period and the Commissioner is entitled, in making the assessment of a deficiency determined by the Board, to use the 60-day period together with any unexpired portion of the statute of limitation remaining at the time it became suspended by the mailing of the deficiency notice. We think the language of the statute is not reasonably susceptible to any other construction. It plainly states that the running of the statute of limitation shall be suspended and this can only mean that when the period of suspension ceases the limitation period again commences to run.

[Id. at 359 (quoting *Olds & Whipple, Inc. v. United States,* 86 Ct. Cl. 705, 724, 22 F. Supp. 809, 819 (1938)).]

In *Clark,* we addressed section 6503(i), which provided for the suspension of the running of a 3-year limitations period for the period during which the Secretary of the Treasury was prohibited from making the assessment by the automatic stay provision in section 362 of the Bankruptcy Code and for 60 days thereafter. *Clark v. Commissioner, supra* at 69-71. We calculated the end of the limitations period by tacking the unexpired part of the 3-year limitations period on after the period of suspension. *Id.* at 71.

Our interpretation of the word "suspend" in the context of section 6229(d) is also supported by those other courts that have distanced themselves from the decision in *Hoosac Mills.* Some courts have distanced themselves by limiting the issue decided in *Hoosac Mills* to the effect of a statutory suspension provision on the running of the period for assessment provided in a waiver extending the time for assessment. E.g., *Brooks v. Driscoll,* 114 F.2d 426, 431 (3d Cir. 1940) ("The question [in *Hoosac Mills*] was whether § 277(b), which suspends the running of the statute during certain periods prescribed by the * * * [1926 Act], served to give the Commissioner also the unexpired portion of the term of the waiver within which to make an assessment after he was again free to act. The decision is not pertinent to the question involved in the present appeal"); *United States v. Prince,* 120 F. Supp. 563, 568 (S.D.N.Y. 1954) ("*Hoosac Mills* * * * does not support a contrary statutory construction. The court there was concerned with * * * a waiver of the statute of limitations which gave the Commissioner additional time within which to assess a deficiency").

The Court of Claims has distanced itself from the decision in *Hoosac Mills* by expressly disagreeing with the First Circuit's reasoning. E.g., *Ramirez v. United States,* 210 Ct. Cl. 537, 538 F.2d 888, 893 n.10 (1976) ("both interpretations specifically adhere to the 'tacking' principle * * * where under either the extension agreement or section 6503(a)(1) the period during which an assessment is prohibited and 60 days more is 'tacked' on to the limitation period. To the extent that *Hoosac Mills* * * * departs from this formula, we decline to follow it").

Petitioners' second argument is that respondent appears to be relying on the petition filed by notice shareholders Robert M. and Janice K. Chouteau in this Court on August 10, 1987. Petitioners reason that the Chouteaus' petition, which was filed 161 days after respondent mailed notice of the FSAA to Jokers' tax matters person, was properly dismissed by this Court as untimely filed. Petitioners argue that respondent should not gain "additional time for assessing tax against a petitioner by relying on the filing of an untimely petition by someone other than the petitioner". Such a result, argue petitioners, is neither reasonable nor equitable.

We reject petitioners' specific argument. Respondent concedes that the Chouteaus' petition was untimely and does not rely on the untimely filing of their petition.

We also reject petitioners' general argument that the suspension of the running of the 3-year limitations period under section 6229(d) is neither reasonable nor equitable. The justification for suspending the running of the limitations period under section 6229(d)(1) for the period during which an action may be brought is clear: section 6225(a)(1) prohibits the assessment of a deficiency attributable to a partnership item before 150 days after the day on which notice of the FPAA is mailed to the tax matters partner. The justification for suspending the running of the limitations period for 1 year thereafter under section 6229(d)(2) is also clear:

The additional one year perhaps can be justified by the administrative burden on the Service in making assessments against each partner individually after the adjustment at the partnership level has been resolved, either based on the notice of final partnership administrative adjustment, a settlement, or a court determination. [4 Willis, Pennell, and Postlewaite, Partnership Taxation, sec. 208.05, at 208-7 (4th ed. 1991).]

Finally, we note that it is petitioners', not our, interpretation of section 6229(d) that could lead to an unreasonable and inequitable result.[6] According to petitioners' interpretation, the unexpired part of a 3-year limitations period should not be tacked on after the suspension period. As explained by respondent, petitioners' interpretation could have the effect

---

[6] As previously noted, petitioners did not address respondent's argument that the limitations period was modified under sec. 6229(f). See *supra* note 5. Thus, we do not address whether the modification of the limitations period under sec. 6229(f) could lead to an unreasonable and inequitable result.

of shortening the 3-year limitations period provided in section 6229(a):[7]

For example, should the respondent mail an FSAA to a [tax matters person] six months after the later of the due date or the date on which a subchapter S return was filed, petitioners' theory would shorten the three-year statute of limitations where no timely petition was filed, to six months, plus 150 days, plus one year, or approximately to a period of one year and nine months.

Other courts, including this Court, when holding that the unexpired part of a limitations period should be tacked on after a suspension period, have also expressed their concern about such a result. E.g., *Brooks v. Driscoll*, 114 F.2d at 431 ("Otherwise, the definite period of limitation, as statutorily prescribed, would be cut down depending upon the brevity of time until finality of the Board's decision in any particular case"); *Bales v. Commissioner*, 22 T.C. at 358 "The principal difficulty with the petitioner's contention is that it would have the effect of shortening the normal 3-year statute of limitations"); *Olds & Whipple, Inc. v. United States*, 86 Ct. Cl. 705, 724, 22 F. Supp. 809, 819 (1938) ("There is nothing to indicate that Congress intended in any case to shorten the period of limitation").

To reflect concessions by both parties,

*Decision will be entered under Rule 155.*

---

[7] We express no opinion concerning the applicability of the 3-year limitations period provided by sec. 6501(a). See sec. 6501(o)(2).