T.C. Memo. 2004-75


UNITED STATES TAX COURT


DUANE E. HUDSPATH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14741-02.               Filed March 18, 2004.


Duane E. Hudspath, pro se.

<u>Taylor Cortright</u> and <u>Ronald D. Pinsky</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  The issue for decision is whether petitioner is liable for deficiencies relating to 1996 and 1997 and a section 6662(a)[1] accuracy-related penalty relating to 1996.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

In the mid-1990s, petitioner formed Stephens City Chiropractic (SCC), a limited liability company; Win Enterprise (WIN), a limited company; Fair Hollow Trust (FHT), a domestic trust; and Fair Exit Trust (FET), a foreign trust. Petitioner transferred 90 percent of his interest in SCC to FHT and retained 10 percent. Petitioner also transferred a percentage of his interest in WIN to FHT.[2] Petitioner subsequently transferred his interest in FHT to FET.

In 1996 and 1997, petitioner, who is legally blind, performed services as a chiropractor for SCC. In addition, petitioner received $8,160 and $8,400 in Social Security benefits relating to 1996 and 1997, respectively. Petitioner timely filed his 1996 and 1997 Federal income tax returns and, on those returns, reported the income he received from SCC and WIN relating to those years.

On April 14, 2000, respondent sent the SCC and WIN tax matters partners separate notices of final partnership administrative adjustment (FPAAs). In the FPAAs, respondent determined that FHT was a sham trust and attributed its respective shares of SCC and WIN income and expenses to petitioner. On that day, respondent also sent petitioner a

---

[2] The record does not disclose the percentage of WIN that petitioner transferred to FHT or personally retained.

notice of deficiency that included adjustments relating to partnership items.

In response to the FPAAs, Jimmy C. Chisum, on July 17, 2000, initiated a single partnership-level proceeding, Stephens City Chiropractic, PLC v. Commissioner, docket No. 7982-00. On April 2, 2001, this Court dismissed the partnership-level proceeding for lack of jurisdiction on the ground that Mr. Chisum failed to establish his capacity to act on behalf of the entities.[3] On July 1, 2001, the decision in the partnership-level proceeding became final.

In response to the notice of deficiency, petitioner, on July 14, 2000, initiated a partner-level proceeding, Hudspath v. Commissioner, docket No. 7901-00. On December 7, 2001, this Court granted respondent's motion to dismiss for lack of jurisdiction and to strike the portion of the partner-level proceeding relating to partnership items on the ground that respondent had sent petitioner, pursuant to section 6225, a notice of deficiency prior to the completion of the partnership-level proceeding.

---

[3] Mr. Chisum has initiated several proceedings that this Court has dismissed on similar grounds. E.g., Universal Trust 06-15-90 v. Commissioner, T.C. Memo. 2000-390; Banana Moon Trust v. Commissioner, T.C. Memo. 2000-73; Jeff Burger Prods., LLC v. Commissioner, T.C. Memo. 2000-72.

On April 24, 2002, respondent and petitioner entered into a stipulation relating to the partner-level proceeding, which included the following language:

> 4.   The tax treatment of petitioner's partnership items relating to WIN Enterprise, LC and Stephens City Chiropractic, PLC will be resolved in a separate partnership proceeding conducted in accordance with the TEFRA partnership procedures.

> 5.   The adjustments necessary to apply the results of the TEFRA partnership proceeding described in subparagraph 4 to petitioner, shall be treated as computational adjustments under I.R.C. § 6231(a)(6) and assessed, credited or refunded accordingly.

> 6.   To the extent that the computation of petitioner's tax liability which properly reflects the tax treatment of the partnership items relating to WIN Enterprise, LC and Stephens City Chiropractic, PLC, as determined in the TEFRA partnership proceeding described in subparagraph 4, would also result in a change in petitioner's tax liability attributable to nonpartnership items, as previously determined in this docketed proceeding, such change may be treated as a computational adjustment under I.R.C. § 6231(a)(6) and assessed, credited or refunded accordingly.

The stipulation further provided that petitioner was entitled to overpayments of $716 and $709 relating to 1996 and 1997, respectively,[4] and that petitioner owed no section 6662(a) accuracy-related penalties relating to those years. On April 26, 2002, this Court entered a decision that incorporated the facts stipulated by the parties as the findings of the Court.

---

[4]   The overpayments resulted from interest expense deductions relating to payments petitioner made on behalf of SCC in 1996 and 1997.

On June 3, 2002, respondent sent petitioner a notice of computational adjustment relating to partnership items.  That notice set forth net income adjustments of $18,347 and $21,123 to petitioner's 1996 and 1997 taxable years, respectively.

By notice of deficiency dated June 21, 2002, respondent determined deficiencies of $2,739 and $4,044 relating to 1996 and 1997, respectively, and a $955 section 6662(a) accuracy-related penalty relating to 1996.  On June 24, 2002, respondent assessed a computational adjustment against petitioner resulting from adjustments of the partnership items.  On September 16, 2002, petitioner, while residing in Stephens City, Virginia, filed his petition with this Court.

OPINION

Petitioner contends that respondent's determinations relating to this affected items proceeding should not be sustained because respondent informed petitioner that, pursuant to the April 24, 2002, stipulation, petitioner would have an opportunity to challenge the partnership items.  In support of his contention, petitioner, who is blind, asserts that he justifiably relied on respondent to explain the terms of the stipulation.

Petitioner's credible testimony and the plain language of the stipulation (i.e., "The tax treatment of petitioner's partnership items * * * will be resolved in a separate

partnership proceeding".  (Emphasis added.)) established that

respondent misled petitioner.  These facts, however, do not

override the mandate of section 6221 that "the tax treatment of

any partnership item * * * shall be determined at the partnership

level."  Maxwell v. Commissioner, 87 T.C. 783, 787-788 (1986).

Respondent complied with the partnership audit and

litigation procedures and, upon completion of the partnership-

level proceeding, assessed a computational adjustment against

petitioner.  See secs. 6223, 6225(a)(2), 6230(a)(1), 6231(a)(6);

Brookes v. Commissioner, 108 T.C. 1, 5 (1997).  Petitioner had

the opportunity, in the partnership-level proceeding, to

challenge the partnership items, but he failed to do so.

Accordingly, petitioner is precluded from challenging those items

in this proceeding.  See secs. 6221, 6226; Brookes v.

Commissioner, supra at 5-7.

Petitioner further contends that respondent's determinations

relating to this proceeding are untimely.  We disagree.

Respondent sent petitioner the notice of deficiency relating to

this proceeding prior to the expiration of the period prescribed

by section 6229(d).  Sec. 6229(d)(1) and (2) (providing that the

mailing of an FPAA suspends the running of the 3-year limitations

period until 1 year after the Court's decision relating to a

partnership-level proceeding becomes final); Aufleger v.

<u>Commissioner</u>, 99 T.C. 109, 112 (1992). Thus, respondent's determinations are timely.

With respect to the affected items, petitioner contends that he is not liable for a section 6662(a) accuracy-related penalty, taxes on his 1996 and 1997 Social Security benefits, or additional self-employment taxes. Indeed, pursuant to this Court's April 26, 2002, decision, petitioner is not liable for a section 6662(a) accuracy-related penalty relating to 1996.[5] The computational adjustments resulting from adjustments of the partnership items, however, subjected a portion of petitioner's Social Security benefits to tax and increased his self-employment tax liability. See secs. 86(a) through (d), 1401, 1402, 6231(a)(6). Thus, respondent's deficiency determinations are sustained.

Contentions we have not addressed are irrelevant, moot, or meritless.

---

[5] Congress amended sec. 6221 to provide that for partnership taxable years ending after Aug. 5, 1997, the partnership-level proceeding includes the determination of penalties, additions to tax, or additional amounts relating to an adjustment to partnership items. See Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026. The sec. 6662(a) accuracy-related penalty in this proceeding, however, relates to 1996 (i.e., prior to the effective date of the amendment to sec. 6221) and is, thus, an affected item dependent on factual determinations to be made at the partner level. See secs. 6230(a)(2)(A)(i), 6231(a)(5); <u>Saso v. Commissioner</u>, 93 T.C. 730, 734 (1989).

To reflect the foregoing,

Decision will be entered

for respondent as to the

deficiencies relating to 1996

and 1997 and for petitioner

as to the section 6662(a)

accuracy-related penalty

relating to 1996.