T.C. Memo. 2009-158


UNITED STATES TAX COURT


MICHAEL O. WILLIAMS AND SHERYL ANNE WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25205-07.          Filed June 30, 2009.


<u>Steven R. Mather</u> and <u>Elliott H. Kajan</u>, for petitioners.

<u>Linette B. Angelastro</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  In notices of deficiency, respondent determined penalties with respect to petitioners' 1990-96 Federal income taxes, as follows:

| Year | Penalty<br>Sec. 6662(a) |
|------|-------------------------|
| 1990 | $7,493.40 |
| 1991 | 9,806.60 |
| 1992 | 15,434.00 |
| 1993 | 18,797.20 |
| 1994 | 8,781.60 |
| 1995 | 3,652.40 |
| 1996 | 997.80 |

The issue for decision is whether the periods of limitations on assessment expired for affected items upon which the penalties at issue are based. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in California at the time their petitions were filed.

From about 1971 through 1998 Walter J. Hoyt III and other members of the Hoyt family organized, promoted, and operated numerous cattle and sheep-breeding partnerships (Hoyt partnerships), as most recently described in Keller v. Commissioner, __F.3d__ (9th Cir. June 3, 2009). Petitioners participated in Shorthorn Genetic Engineering 1982-1 (SGE 1982), Shorthorn Genetic Engineering 1986-C (SGE 1986), and Shorthorn Genetic Engineering 1990-1 (SGE 1990), all Hoyt partnerships.

Petitioners received Schedules K-1, Partner's Share of Income, Credits, Deductions, etc., that reported losses for SGE 1982, SGE 1986, and SGE 1990.  Petitioners filed joint Federal income tax returns with attached Schedules E, Supplemental Income and Loss, claiming the partnership losses, as follows:

| Year | Partnership | Loss |
|------|-------------|------|
| 1990 | SGE 1986 | $127,490 |
| 1991 | SGE 1986 | 144,680 |
| 1992 | SGE 1986 | 288,420 |
| 1993 | SGE 1990 | 323,350 |
| 1994 | SGE 1982 | 265,015 |
| 1995 | SGE 1982 | 234,319 |
| 1996 | SGE 1982 | 216,497 |

The Internal Revenue Service (IRS) determined that SGE 1982, SGE 1986, and SGE 1990 were subject to provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, 96 Stat. 324, and disallowed the partnerships' claimed losses for the years in issue.  The IRS adjusted the TEFRA partnership items and sent to petitioners Notices of Final Partnership Administrative Adjustment (FPAAs).  Petitioner husband, as the tax matters partner, petitioned the Court for redetermination of partnership adjustments for each of the years in issue.  The Court determined the FPAAs to be correct and entered decisions as follows:

| Year | Docket No. | Decision Entered |
|------|-----------|------------------|
| 1990 | 24203-94 | 5/17/06 |
| 1991 | 10628-95 | 5/18/06 |
| 1992 | 25002-95 | 5/17/06 |
| 1993 | 21772-96 | 5/17/06 |
| 1994 | 15627-98 | 5/23/06 |
| 1995 | 13603-99 | 5/17/06 |
| 1996 | 16559-99 | 5/18/06 |

The IRS's TEFRA unit determined the percentage of the affected items attributable to petitioners, as an individual partner, for each year.  IRS Forms 4700-T, TEFRA Workpapers, reflected the resulting income adjustments and also showed "1 Yr Date[s]" indicating that the 1-year assessment dates after the Court's final decisions were August 3, 2007, for 1993, August 14, 2007, for 1990, 1992, and 1995, and August 15, 2007, for 1991, 1994, and 1996.  Other internal IRS documents showed a "1-Year Assessment Date" of August 14, 2007, for 1990, 1992, 1993, and 1995, August 15, 2007, for 1991 and 1996, and August 20, 2007, for 1994.  For each tax year in issue, the TEFRA unit generated a Form 4549, Income Tax Examination Changes, dated August 8, 2007, which reported the section 6662(a) penalty that resulted because of the affected items adjustments.  On August 9, 2007, the TEFRA unit sent to petitioners the notices of deficiency (which included the Forms 4549) that are the bases of this case.  The TEFRA unit then sent petitioners' file to the IRS's Centralized Case Processing (CCP).

Because fewer than 60 days remained before the assessment statute expiration dates (ASEDs) for the affected items, CCP submitted to the IRS's Revenue Accounting department (Revenue Accounting) Forms 2859, Request for Quick or Prompt Assessment, to ensure quick (manual) assessments. The Forms 2859 show ASEDs of August 15, 2007, for all the years in issue. Revenue Accounting, having delegated authority to make quick assessments, "journaled" the assessments and assigned Document Locator Numbers (DLNs) onto a "23-C document" that was signed by an assessment officer and dated August 15, 2007. DLNs assigned to petitioners' file, one for each year in issue, contained the number sequence 227, which corresponds to the number of days in calendar year 2007 from January 1 to August 15. A tape was created containing the information journaled by Revenue Accounting; the information on the tape was entered into the IRS computer systems; and Forms 3552 (Part 3), Notice of Tax Due on Federal Tax Return, were generated with the DLNs confirming that the actual assessments had been made. Petitioners received copies of the Forms 3552, which showed "Date of This Notice" fields as August 15, 2007, but which were postmarked August 21, 2007.

Petitioners requested and received IRS account transcripts of all years in issue. The transcripts were dated August 20, 2007, but did not reflect any assessments as having been made on August 15, 2007. Later account transcripts, dated September 4,

2007, did reflect the August 15, 2007, assessments. Forms 2866, Certificate of Official Record, and internal IRS case histories of petitioners show the assessment dates for the affected items as having been made on August 15, 2007, for all the years in issue. For trial purposes only, this case was consolidated with another case involving petitioners--docket No. 21031-07L, relating to collection of a partnership adjustment assessed for 1996. See T.C. Memo. 2009-159, filed this date.

OPINION

Petitioners' sole argument is that the IRS did not timely assess the affected items that resulted from the FPAA proceedings and that led to the penalties at issue. Without timely assessments of these affected items, petitioners contend that there are no underpayments on which to base section 6662(a) accuracy-related penalties. Respondent argues that the affected items were timely assessed on August 15, 2007, and that the penalties at issue are proper. Petitioners concede that the section 6662(a) penalties are appropriate if the Court determines that the assessments were timely.

Because the related partnership tax years occurred before August 5, 1997, the accuracy-related penalties are properly contested before the Court at the partner level. See secs. 6221, 6230(a)(2)(A)(i). But cf. Fears v. Commissioner, 129 T.C. 8, 10 (2007) (stating that because Congress, in the Taxpayer Relief Act

of 1997, Pub. L. 105-34, sec. 1238(a), 111 Stat. 1026, amended section 6221 to provide that the applicability of any penalty (including an accuracy-related penalty) which relates to an adjustment of a partnership item shall be determined at the partnership level, the Court lacks jurisdiction to redetermine the applicability of such penalties at the partner level for partnership tax years ending after August 5, 1997). We consider the timeliness of the assessments of the affected items only to make a redetermination of the penalties at issue. The bar of periods of limitations is an affirmative defense, and petitioners must show that the assessments were made after the applicable periods of limitations. See Rules 39, 142(a); Adler v. Commissioner, 85 T.C. 535, 540 (1985).

The general period of limitations on assessment is 3 years. Sec. 6501(a). For tax attributable to a partnership and affected items, however, section 6229(a) extends the general period of limitations. Sec. 6501(n). Section 6229(a) provides, as follows:

> SEC. 6229(a). General Rule.--Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of--
>
> > (1) the date on which the partnership return for such taxable year was filed, or

> (2) the last day for filing such return for such year (determined without regard to extensions).

Furthermore, if an FPAA is mailed to the tax matters partner, the running of the period specified in section 6229(a) is suspended for the period during which a court action may be brought under section 6226 (and if a petition is filed as a result of the FPAA, until the decision of the court becomes final) and for 1 year thereafter. Sec. 6229(d). In this context, the running of the section 6229(a) 3-year period of limitations is temporarily interrupted during the FPAA proceeding until its entered decision becomes final plus 1 year, and then the remaining unexpired part of the 3-year limitations period is tacked on. See Aufleger v. Commissioner, 99 T.C. 109, 113 (1992).

The parties agree that section 6229 is applicable in determining the periods of limitations. The only controversy is when the ASEDs occurred with respect to the provisions of section 6229(d).

Respondent maintains that the earliest ASED possible would have been August 15, 2007. Petitioners argue that internal IRS documents and admissions in respondent's amended answer show the ASEDs for some or all the years in issue as being before August 15, 2007. Respondent's answer alleged certain dates that were erroneous as a matter of law.

We take judicial notice of the dates this Court entered decisions for the related partnership cases in issue.  Fed. R. Evid. 201; see Estate of Reis v. Commissioner, 87 T.C. 1016, 1027 (1986).  Because the decisions were not appealed in these cases, the final decision dates can be accurately determined by adding 90 days to the dates the decisions were entered.  See secs. 7459(c), 7481(a)(1), 7483.  One year is added to the final decision dates of the partnership cases to complete the ASED calculations.  Sec. 6229(d)(2).  The dates of entered decisions, final decisions, and ASEDs of the section 6229(a) periods of limitations (as augmented by section 6229(d)) are as follows:

| Year | Docket No. | Decision Entered | Decision Final | ASED |
|------|-----------|------------------|----------------|------|
| 1990 | 24203-94 | 5/17/06 | 8/15/06 | 8/15/07 |
| 1991 | 10628-95 | 5/18/06 | 8/16/06 | 8/16/07 |
| 1992 | 25002-95 | 5/17/06 | 8/15/06 | 8/15/07 |
| 1993 | 21772-96 | 5/17/06 | 8/15/06 | 8/15/07 |
| 1994 | 15627-98 | 5/23/06 | 8/21/06 | 8/21/07 |
| 1995 | 13603-99 | 5/17/06 | 8/15/06 | 8/15/07 |
| 1996 | 16559-99 | 5/18/06 | 8/16/06 | 8/16/07 |

In alleging the expiration of the periods of limitations, petitioners contend that their IRS case history transcripts, as obtained from the IRS computer systems on August 20, 2007, did not memorialize any assessments made on August 15, 2007.  However, "The date of the assessment is the date the summary record is signed by an assessment officer."  Sec. 301.6203-1, Proced. & Admin. Regs.

Respondent's witness, a CCP manager for the IRS whose unit is responsible for assessments, credibly testified that the assessments did not appear on the August 20, 2007, transcripts because they were performed manually. The witness explained that this manual treatment requires a longer period to input the information into the IRS computer systems and, consequently, for the information to be reflected in petitioners' transcripts. The witness's explanation for the delay was reasonable and uncontradicted.

Petitioners also argue that the Forms 3552, while dated August 15, 2007, were postmarked August 21, 2007. While IRS procedure is usually to mail out Form 3552 on the same day the assessment is made, the CCP manager testified that all the appropriate forms and internal steps for quick assessment of petitioners' tax liabilities were timely completed and that the sheer volume of assessments at that time could have caused the discrepancy between the date of assessments and the date the Forms 3552 were mailed.

A presumption of official regularity "supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926); see, e.g., Lillis v. Commissioner, T.C. Memo. 1983-142, affd. without published opinion 740 F.2d 974 (9th

Cir. 1984).  The presumption does not apply where the taxpayer introduces specific evidence to rebut the presumption.  See Pietanza v. Commissioner, 92 T.C. 729, 739 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991).  Respondent, through testimony and exhibits, has shown that the IRS followed numerous internal procedures and reasonable practices to accomplish timely assessments.  The preponderance of IRS business records offered into evidence shows that the IRS maintained and met the appropriate ASEDs.  This evidence is more persuasive than the erroneous admissions in respondent's amended answer or the circumstantial evidence relied on by petitioners.

We have considered the other arguments of the parties, and they are either without merit or need not be addressed in view of our resolution of the issue.

To reflect the foregoing,

Decision will be entered

for respondent.