T.C. Memo. 2010-163

UNITED STATES TAX COURT

WAYNE A. DROWN, JR. & CAROLYN EVONNE DROWN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27762-08.                    Filed July 27, 2010.

Wayne A. Drown, Jr. and Carolyn Evonne Drown, pro sese.

<u>David M. McCallum</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined penalties of $3,558.60,
$816.80, $1,492.60, and $2,133.20 under section 6662(a) for 1990,
1991, 1992, and 1993, respectively, in four separate statutory
notices.  The statutory notices were sent after finality of a
partnership proceeding involving a Hoyt Farms cattle partnership
in which petitioners invested in 1993.  The issues for decision

are whether petitioners are liable for the penalties and whether assessment is barred by the statute of limitations or otherwise. All section references are to the Internal Revenue Code in effect for the years in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in South Carolina when they filed the petition.

In 1993, petitioners invested in a Hoyt Farms cattle partnership known as Shorthorn Genetic Engineering 1985-2, J.V. On their 1993 Federal income tax return, they reported wages, interest, dividends, and pension income totaling $73,825 and claimed a partnership loss of $274,050. As a result they reported zero tax liability and claimed a refund of $8,644 of Federal income tax withheld. They claimed net operating loss (NOL) carrybacks and applied for and received refunds for 1990, 1991, and 1992.

On August 8, 1997, the Internal Revenue Service (IRS) sent petitioners a Form 3552 (Part 3), Notice of Tax Due on Federal Tax Return, for each of the years 1990 through 1993. On August 29, 1997, Wayne A. Drown (petitioner) acknowledged receipt of the Forms 3552 and requested an explanation of the disallowed

deductions. On October 20, 1997, the IRS responded to

petitioner's letter as follows:

> Thank you for your letter dated August 29, 1997
> regarding the Forms 3552 you recently received for the
> years shown above. These assessments were made
> pursuant to IRC section 6213(b)(3), which are summary
> assessments made to reverse IRC section 6411 tentative
> carryback refunds that were previously allowed. These
> summary assessments can be made without any previous
> notice of deficiency.
>
> It was later determined that these assessments
> were not necessary at this time, because the carryback
> refunds are the result of 1993 TEFRA Partnership losses
> that are currently under examination. The Statute of
> Limitations on these carrybacks are protected by the
> TEFRA examination of the 1993 year, and they will be
> addressed when this examination is completed.
> Therefore, these assessments were reversed at this time
> pending the outcome of the 1993 TEFRA examination.
>
> We apologize for any inconvenience this may have
> caused. If you have any further questions concerning
> this matter, please call me at the number shown above,
> or you may write to the address shown on this letter.

Shorthorn Genetic Engg. 1985-2, J.V. v. Commissioner, docket

No. 7280-96, was one of the over 700 cattle investor partnership

cases before the Tax Court bearing the Hoyt Farms designation.

The partnership's tax matters partner, Mark Lowe, signed a

stipulated decision that had the effect of "zeroing" every

partnership item reported on the partnership's return for the

year ended September 30, 1993, and eliminating flowthrough items,

such as NOLs, to individual partners. The stipulated decision

was entered by the Court on May 18, 2007, and is consistent with

the Court's findings in Durham Farms #1, J.V. v. Commissioner,

T.C. Memo. 2000-159, affd. 59 Fed. Appx. 952 (9th Cir. 2003), in which the Court concluded that the cattle investor partnership did not acquire the benefits and burdens of ownership with respect to the breeding of cattle that it had purportedly acquired and that it was not entitled to any of the deductions at issue and did not realize the additional income respondent asserted.

On August 14, 2007, notices of deficiency determining penalties under section 6662(a) for 1994, 1995, and 1996 were sent to petitioners. Petitioners did not file a timely petition in response to those notices. They attempted to challenge them in the petition filed in this case on November 14, 2008. Respondent moved to dismiss and to strike as to those years for lack of jurisdiction. That motion was granted on March 19, 2009.

On August 12, 2008, the IRS assessed the taxes and interest resulting from the decision in Shorthorn Genetic Engg. 1985-2, J.V. v. Commissioner, docket No. 7280-96. The underpayments assessed were $17,793, $4,084, $7,463, and $10,666 for 1990, 1991, 1992, and 1993, respectively. Petitioners paid the taxes and interest in full in 2008.

The notices of deficiency for the section 6662(a) penalties for 1990 through 1993 were sent to petitioners on August 13, 2008.

OPINION

This case presents another unfortunate example of the consequences of taxpayers' investments in a Hoyt Farms cattle partnership. That partnership promised immediate and substantial tax benefits but ultimately resulted in large liabilities, litigation, explicable delays, and procedural confusion. See Keller v. Commissioner, 568 F.3d 710, 714 (9th Cir. 2009), affg. T.C. Memo. 2006-166 (and affg. and vacating on another ground decisions in related cases).

The notices of deficiency in this case only determined penalties under section 6662(a). Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations, or substantial understatement of income tax. Section 6662(c) defines negligence as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and defines disregard as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. Disregard of rules or regulations is reckless if the taxpayer makes little or no effort to determine whether a rule or regulation exists. Id.

Section 6662(d)(1)(A) defines a substantial understatement as one that exceeds the greater of 10 percent of the tax required to be shown on a return or $5,000.

The underpayments assessed for 1990, 1992, and 1993 were consistent with the decision in the partnership case, were consistent with the entries on petitioners' returns shown in a transcript of their account, and were substantial within the meaning of section 6662(d).

Respondent asserts negligence as the ground for the penalty for 1991. Respondent relies on similar cases in which the negligence penalty was sustained against Hoyt Farms investors, citing Keller v. Commissioner, T.C. Memo. 2006-131, affd. in part and revd. in part 556 F.3d 1056 (9th Cir. 2009). See Hansen v. Commissioner, 471 F.3d 1021 (9th Cir. 2006), affg. T.C. Memo. 2004-269; Mortensen v. Commissioner, 440 F.3d 375, 387-393 (6th Cir. 2006), affg. T.C. Memo. 2004-279; Van Scoten v. Commissioner, 439 F.3d 1243, 1256-1260 (10th Cir. 2006), affg. T.C. Memo. 2004-275. The parties stipulated that the decision in Shorthorn Genetic Engg. 1985-2, J.V. v. Commissioner, docket No. 7280-96, is consistent with the Court's findings in Durham Farms #1, J.V. v. Commissioner, supra.

Petitioner asserted at trial that, based on his "research", he believed in 1993 that the Hoyt partnership deductions were legitimate. He stated that his view was reinforced when the IRS

sent refunds based on his claimed NOL carrybacks to the 3 earlier years. Petitioner did not explain the research that he conducted. He admitted during his testimony that he did not consult with any tax professionals about the correctness of his view. He has not shown reasonable cause as an exception to the substantial understatement penalty under section 6664(c)(1) or any ground for distinguishing this case from those that have sustained the penalty for negligence with respect to the Hoyt Farms partnerships. See Keller v. Commissioner, 556 F.3d at 1061-1062 n.8. The section 6662(a) penalty is appropriate for each year.

Petitioners argue that assessment and collection of the amounts here in dispute are barred by the statute of limitations. They rely on section 6502(a), which as relevant here limits collection of assessed taxes by levy or by a court proceeding brought within 10 years after the assessment. The amounts in dispute here, however, have not been assessed and will not be assessed until after our decision in this case becomes final. See sec. 6213(a).

Because the related partnership tax years occurred before August 5, 1997, the accuracy-related penalties are properly contested before the Court at the partner level as "affected items". See secs. 6221, 6230(a)(2)(A)(i); see also Fears v. Commissioner, 129 T.C. 8, 10 n.3 (2007) (with respect to

determining such penalties at the partnership level for partnership tax years ending after August 5, 1997). For tax attributable to partnership items and affected items, section 6229(a) extends the general 3-year period of limitations. Sec. 6501(n). Section 6229(a) provides, as follows:

> SEC. 6229(a). General Rule.--Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of--
>
> > (1) the date on which the partnership return for such taxable year was filed, or
> >
> > (2) the last day for filing such return for such year (determined without regard to extensions).

Furthermore, if a notice of a final partnership administrative adjustment (FPAA) is mailed to the tax matters partner, the running of the period specified in section 6229(a) is suspended for the period during which a court action may be brought under section 6226 (and if a petition is filed as a result of the FPAA, until the decision of the court becomes final) and for 1 year thereafter. Sec. 6229(d).

In this context, the running of the section 6229(a) 3-year period of limitations is temporarily interrupted during the FPAA proceeding until a decision entered in that proceeding becomes final plus 1 year, and then the remaining unexpired part of the 3-year limitations period is tacked on. See Aufleger v.

Commissioner, 99 T.C. 109, 113 (1992).  The stipulated decision in the partnership case was entered on May 18, 2007, and became final 90 days later, on August 16, 2007.  See sec. 7481(a)(1).  Thus the statutory notices sent August 13, 2008, were timely.  The petition filed in this case further extended the time for assessment until the decision becomes final and for 60 days thereafter.  See sec. 6503(a)(1).  Petitioners' statute of limitations arguments are therefore erroneous.

Petitioners also seek to invoke estoppel against the IRS and assert an agreement that no additional amounts were owing as of the 1997 correspondence and when, in 2007, they were provided with the total of amounts previously assessed and accrued interest for 1994, 1995, and 1996.  The later years are not before the Court because they were previously dismissed for lack of jurisdiction.  In any event, none of the correspondence advising petitioners of the amounts owed at prior times dealt with the heretofore unassessed penalties at issue in this case.

Petitioners have not shown that the IRS provided them with any false or misleading information that would justify estoppel.  The reason for the abatement of the prematurely assessed amounts was explained to them at the time it occurred in 1997.  There was no agreement, expressed or implied, that the taxes and interest would not be assessed or that penalties would not be determined

at a later date when they were no longer precluded by the pending partnership proceedings.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.